

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| wcarlson@sidley.com<br>(312) 853 7734 | FOUNDED 1866 | |

May 23, 2011

**BY CM/ECF**

Honorable Freda L. Wolfson
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

   Re: *In re J&J Derivative Litigation*, Case No. 3:10-cv-2033 (D.N.J.) ("*In re J&J*"): Request for Consolidation of *Wollman et al. v. Coleman et al.*, Case No. 3:11-cv-2511 (D.N.J.), and *Cafaro et al. v. Coleman et al.*, Case No. 3:11-cv-2652 (D.N.J.), into *In re J&J*.

Dear Judge Wolfson:

  We, together with attorneys from Robinson, Wettre & Miller LLC, represent nominal defendant Johnson & Johnson ("J&J") in the above-captioned matters. We write to request that Your Honor consolidate two recently filed shareholder derivative actions into *In re J&J Derivative Litigation*, Case No. 3:10-cv-2033 (the "Consolidated Action" or "*In re J&J*"), pursuant to Your Honor's August 17, 2010, Order, which provides that "each derivative action on behalf of Johnson & Johnson subsequently filed in or transferred to the United States District Court of New Jersey" will be "consolidated into [*In re J&J*]." (Case No. 3:10-cv-2033, Dkt. 65.)

  The first of the new shareholder derivative complaints on behalf of J&J was filed on May 2, 2011, by plaintiffs Sandra Wollman and Gila Heimowitz (the "Wollman Action"). (Case No. 3:11-cv-2511, Dkt. 1.) The second was filed on May 10, 2011, by plaintiffs Joseph Cafaro and Cynthia Diamond (the "Cafaro Action"). (Case No. 3:11-cv-2652, Dkt. 1.) The two new Actions are substantially identical, alleging violations of the Foreign Corrupt Practices Act (FCPA) and related proxy statement claims. Both currently have been assigned to Chief Judge Garrett E. Brown. There have been no proceedings before Chief Judge Brown in either case, and no proceedings have been scheduled.

  The Wollman and Cafaro Actions clearly should be consolidated with *In re J&J*. As an initial matter, this Court's August 17, 2010, Order instructs that they be consolidated. Moreover, consolidation is proper and desirable because these cases share common questions of law and fact, and are closely related. Fed. R. Civ. P. 42(a); *see also Cima Labs, Inc. v. Actavis Group*


*HF*, 2007 WL 1672229, at *5–6 (D.N.J. June 7, 2007). All three Actions involve essentially the same defendants (J&J's directors), the same time period (1997–2010), and the same basic claim of liability (that the defendants allegedly failed to ensure compliance with applicable laws and regulations). All three Actions require the Court to determine whether plaintiffs' failure to make the required pre-suit demand on J&J's Board is excused under New Jersey law. Moreover, the subject matter of all three Actions is currently being investigated by the Special Committee of J&J's Board and its counsel at Lowenstein Sandler P.C. Thus, all three Actions may require the Court to determine and apply New Jersey law with respect to the J&J Board's decision on the Special Committee's forthcoming recommendations. Additionally, plaintiffs' counsel in the two new Actions overlaps with counsel in *In re J&J*. The Wollman Action was filed by Robbins Geller Rudman & Dowd LLP, which also serves as co-lead counsel in the Consolidated Action. Under all of these circumstances, consolidation will enable the most efficient and consistent adjudication of the plaintiffs' claims.

The *Wollman* and *Cafaro* plaintiffs' filing of these cases without alerting the Clerk that they are related cases to *In re J&J* is inexplicable. The Robbins Geller firm has been aware that the Special Committee was inquiring into the FCPA matters since last September. Specifically, Robbins Geller, on behalf of Ms. Wollman and Ms. Heimowitz, in August 2010 sent a letter requesting to inspect certain J&J documents relating to the FCPA matters. (*See* August 10, 2010, letter from Travis E. Downs III to Board of Directors of Johnson & Johnson, Ex. 1 to Certification of Donald A. Robinson; *see also* September 2010–January 2011 follow-up correspondence, Exs. 2–4 to Robinson Cert.) Because another shareholder had already made a demand upon J&J's Board with respect to the FCPA matters, Robbins Geller was promptly advised that the Special Committee already was investigating the FCPA issues. (*See* September 2, 2010, letter from Walter C. Carlson to Travis E. Downs III, Ex. 2 to Robinson Cert.)

Plaintiffs' counsel's attempt to maintain the two new cases involving FCPA allegations as separate actions should be rejected. Cases need not be identical to be consolidated. *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). In fact, the Consolidated Action itself combined derivative suits alleging distinct wrongdoing. (*Cf. Feldman v. Coleman et al.*, Case No. 3:10-cv-2386, Dkt. 1 (only alleging issues with respect to McNeil) *with Hawaii Laborers Pension Fund v. Weldon et al.*, Case No. 3:10-cv-2516, Dkt. 1 (not alleging McNeil issues); *see also* Case No. 3:10-cv-2033, Dkt. 28 (brief signed by Robbins Geller and Cohn Lifland Pearlman Herrmann & Knopf LLP, counsel for the *Wollman* and *Cafaro* plaintiffs, requesting consolidation of these cases).) This situation is no different.

Nor will consolidation cause confusion or prejudice. *See A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) ("In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate."). This Court is already managing multiple claims in different procedural postures, including the pending Motion to Dismiss the

# SIDLEY

Honorable Freda L. Wolfson
May 23, 2011
Page 3

Consolidated Complaint, plaintiff Copeland's unique attempt to circumvent the demand requirement, and the pending Motion to Intervene by Abraham, Fruchter & Twersky, LLP on behalf of shareholders who made demands upon the Board. The consolidation of the Wollman and Cafaro Actions will not render the Consolidated Action unmanageable.[1] Indeed, confusion and unnecessary duplication is much more likely to result from permitting one co-lead counsel in the Consolidated Action to maintain simultaneously a separate set of derivative cases that also purport to be brought on behalf of J&J in contravention of the August 17, 2010, Order.

We therefore respectfully request that the Wollman and Cafaro Actions be consolidated into *In re J&J*. We will submit formal motion papers and briefing if the Court would find it helpful.

---

[1] The Wollman and Cafaro Complaints' demand-futility allegations (*see* Wollman Cmplt. ¶¶ 86–88; Cafaro Cmplt. ¶¶ 81–83) are clearly deficient and J&J will move to dismiss at the appropriate time. There is no substantial likelihood of *Caremark* liability for J&J's Board of Directors for the alleged FCPA violations: in fact, the very documents relied upon by the Complaints demonstrate that J&J had internal controls in place that allowed it to discover, investigate, and self-report the FCPA violations. Nor is there any substantial likelihood of director liability for the proxy claims: as a factual matter, J&J's proxy statements disclosed the existence of these matters *and* that J&J had self-reported, and, as a legal matter, these claims are equally barred by the Third Circuit's decision in *GE v. Cathcart*, 980 F.2d 927, 933 (3d Cir. 1992). As stated above, J&J will be moving to dismiss.



Honorable Freda L. Wolfson
May 23, 2011
Page 4

        Respectfully submitted,

        SIDLEY AUSTIN LLP

        By: _____
            Walter C. Carlson

        ROBINSON, WETTRE & MILLER LLC

            *s/Donald A. Robinson*
        By: _____
            Donald A. Robinson

cc:    Honorable Garrett E. Brown (By CM/ECF)
        Honorable Douglas E. Arpert (By CM/ECF)
        All Counsel of Record (By CM/ECF)