# EXHIBIT 2



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING        NEW YORK<br>BRUSSELS    PALO ALTO<br>CHICAGO     SAN FRANCISCO<br>DALLAS       SHANGHAI<br>FRANKFURT  SINGAPORE<br>GENEVA      SYDNEY<br>HONG KONG  TOKYO<br>LONDON      WASHINGTON, D.C.<br>LOS ANGELES |
| wcarlson@sidley.com<br>(312) 853 7734 | FOUNDED 1866 |



September 2, 2010

**BY FEDERAL EXPRESS**

Travis E. Downs III
Robbins Geller Rudman & Dowd LLP
Suite 1900
655 West Broadway
San Diego, CA 92101

Re:    Demand for Inspection of Documents

Dear Mr. Downs:

We represent Johnson & Johnson ("J&J"), a New Jersey corporation. We are responding to your letter of August 10, 2010, demanding to inspect a wide variety of J&J's documents in connection with alleged violations of the Foreign Corrupt Practices Act.

New Jersey Statute 14A:5-28 allows shareholders to inspect specific categories of documents under certain circumstances. Any shareholder may inspect the corporation's "balance sheet as at the end of the preceding fiscal year and its profit and loss and surplus statement for such fiscal year." N.J.S.A. 14:A5-28(2). Certain qualifying shareholders may access the "minutes of the proceedings of [the corporation's] shareholders and a record of shareholders." N.J.S.A. 14:A5-28(3). Upon proof by a shareholder of proper purpose, a court may issue an order permitting a shareholder to inspect the "books and records of account, minutes, and record of shareholders of a corporation" that are necessary to achieve the shareholder's proper purpose. N.J.S.A. 14:A5-28(4).

Your demand is not permitted by New Jersey law. You seek a large number of documents from all levels of operation and management of J&J and its subsidiaries, including, *inter alia*, internal and external correspondence, internal memoranda and reports, personal information, and communications between J&J and federal agencies. Those requests do not fall within the categories of documents that may be inspected pursuant to New Jersey Statute 14A:5-



Travis E. Downs III
September 2, 2010
Page 2

28. *See, e.g.*, *Cain v. Merck & Co., Inc. f/k/a Schering-Plough Corp.*, -- A.2d --, 2010 WL 3219329, at *3–5 (N.J. Super. Ct. App. Div. Aug. 17, 2010).

    Additionally, your books-and-records demand is improper because Robbins Geller Rudman & Dowd LLP has been appointed as co-lead counsel in the recently-filed derivative actions against J&J, *see In re Johnson & Johnson Derivative Litigation*, Case. No. 10-2033 (D.N.J.). The inspection demand would improperly circumvent prohibitions on discovery applicable to shareholder derivative litigation. *Cf. King v. Verifone*, 994 A.2d 354, 356, 362–63 (Del. Ch. 2010); *Baca v. Insight Enters., Inc.*, 2010 WL 2219715, at *4–6 (Del. Ch. June 3, 2010).

    Moreover, as you know, J&J has received letters from several shareholders requesting that the Board of Directors review and investigate, *inter alia*, the circumstances alleged in your letter. J&J's Board has appointed a Special Committee to investigate, review, and analyze, and to recommend any appropriate or necessary actions in connection with, the matters raised in those demands. Your demand to review records is duplicative and would involve an unnecessary expenditure of the Company's resources.

    For all of the above reasons, J&J respectfully declines your demand.

Sincerely,

Walter C. Carlson

cc: William E. Craco