# EXHIBIT 3

**Robbins Geller
Rudman & Dowd LLP**

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Travis E. Downs III
TravisD@rgrdlaw.com

November 9, 2010

Walter C. Carlson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

Re: *Request to Inspect Books and Records – Johnson & Johnson*

Dear Walter:

As you know, we represent shareholders Gila Heimowitz and Sandra Wollman. This letter responds to the Johnson & Johnson ("J&J") Board of Director's ("Board") improper rejection of our clients' properly made inspection demand.

First, the Board's rejection of the inspection demand under *Cain v. Merck & Co., Inc., f/k/a Schering-Plough Corp.*, 415 N.J. Super. 319 (App. Div. 2010), is incorrect. Here, unlike in *Cain*, Ms. Heimowitz and Ms. Wollman are seeking specific documents designed and tailored to investigate violations of the Foreign Corrupt Practices Act ("FCPA"). Thus, *Cain* is inapposite.

Second, the J&J Board's unilateral refusal to make the appropriate books and records available based on the *In re Johnson & Johnson Derivative Litig.*, No. 3:10-cv-02033-FLW-DEA (D.N.J.), is misplaced. We understand that the allegations in the derivative action concern J&J's alleged violation of state and federal laws other than the FCPA. Therefore, Ms. Heimowitz and Ms. Wollman's inspection demand and the derivative action are unrelated. Unless, of course, the business practices at issue in the derivative action also violated the FCPA. If that is the Board's position, then please confirm such in writing. Otherwise, the Board's rejection of the inspection demand based on the pending of the derivative suit is without basis.

Third, *King v. Verifone Holdings, Inc.*, 994 A.2d 354 (Del. Ch. 2010), does not support the J&J Board's rejection of the demand. In *King*, the shareholders did not exercise their inspection demand rights before filing suit. Here, by contrast, Ms. Heimowitz and Ms. Wollman have not commenced suit yet. Instead, they are seeking to exercise their statutory inspection rights to obtain information about the FCPA violation at J&J.

Fourth, the mere formation of a special committee does not preempt our clients' statutory inspection rights. *See Kaufman v. Computer Assocs. Int'l., Inc.*, No. 699-N, 2005 Del Ch. LEXIS 192 (Del. Ch. Dec. 13, 2005) (denying defendants' motion to stay a Section 220 shareholders' books and records action until a Special Litigation Committee had completed its investigation, reasoning that

655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619 231 1058    Fax 619 231 7423    rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd LLP**

Walter C. Carlson
November 9, 2010
Page 2

although issues of privilege might be raised, such a minimal burden did not justify a stay that deprived a shareholder of its statutory right to inspect the books and records of a corporation).

     Accordingly, Ms. Heimowitz and Ms. Wollman demand that the Board reverse its rejection of their inspection demand and permit the inspection and copying of the requested documents. We look forward to your response.

Very truly yours,

TRAVIS E. DOWNS III

CG:ddh