# EXHIBIT 4



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING  NEW YORK<br>BRUSSELS  PALO ALTO<br>CHICAGO  SAN FRANCISCO<br>DALLAS  SHANGHAI<br>FRANKFURT  SINGAPORE<br>GENEVA  SYDNEY<br>HONG KONG  TOKYO<br>LONDON  WASHINGTON, D.C.<br>LOS ANGELES |
| wcarlson@sidley.com<br>(312) 853 7734 | FOUNDED 1866 |

January 11, 2011



**BY FEDERAL EXPRESS**

Travis E. Downs III
Robbins Geller Rudman & Dowd LLP
Suite 1900
655 West Broadway
San Diego, CA 92101

Re:   Demand for Inspection of Documents

Dear Mr. Downs:

We have received your letter dated November 9, 2010, in which you reassert the demand to inspect a wide variety of Johnson & Johnson ("J&J") documents set forth in your August 10, 2010 letter.

As explained in my letter of September 2, 2010, New Jersey Statute 14A:5-28 provides a shareholder with a limited right to inspect narrow categories of certain books and records. You, however, have continued to demand a large number of documents from all levels of operation and management, including, *inter alia*, internal and external correspondence, internal memoranda and reports, personal information, and communications between J&J and federal agencies. The New Jersey statute does not provide for the unfettered access into the affairs of a corporation that you purport to demand.

You contend that *Cain v. Merck & Co., Inc. f/k/a Schering-Plough Corp.*, 1 A.3d 834 (N.J. Super. Ct. App. Div. 2010), is "inapposite" because you claim to seek "specific documents designed and tailored to investigate violations of the Foreign Corrupt Practices Act." Your point is mistaken because it is clear under both *Cain* and the more recent decision of the New Jersey Superior Court in *Lipschutz v. Johnson & Johnson*, Case No. MID-C-155-10, Slip Opinion (N.J. Super. Ct. Ch. Div. Oct. 7, 2010) (attached as Exhibit A), that you seek to inspect documents to which the statute does not allow shareholder access. *See also Corwin v. Schering-Plough*, Case


SIDLEY AUSTIN LLP

Travis E. Downs III
January 11, 2011
Page 2

No. UNN-L-3637-03, Transcript of Decision at 31 (N.J. Super. Ct. L. Div. Mar. 19, 2004) (attached as Exhibit B) ("[T]he plaintiff is only entitled to the documents which are allowed by N.J.S.A. 14A:5-28 . . . . The limitations are contained in that statute because that's clearly what our Legislature intended.").

Furthermore, the *Lipschutz* decision makes clear that your demand is insufficient because you have not demonstrated a proper purpose for inspection. The *Lipschutz* court determined that Mr. Lipschutz's allegations concerning McNeil's recent recalls did not establish a credible basis for suspecting mismanagement at J&J or McNeil: the statements made in your letter of August 10, 2010, are no more probative and do not establish a credible basis for suspecting mismanagement at J&J. They thus do not set forth a proper purpose for demanding inspection.

Your letter's second and third points are also incorrect. You ignore that your firm is co-lead counsel in the currently pending derivative litigation and that your firm is listed as an author of the consolidated amended complaint that was filed in that matter on December 17, 2010. As explained in my prior letter, this is an additional reason that makes your demand inappropriate. A similar situation was presented in *Baca v. Insight Enterprises, Inc.*, 2010 WL 2219715 (Del. Ch. June 3, 2010). There, a shareholder filed a derivative complaint making certain allegations of mismanagement and then sent an inspection demand seeking documents concerning different allegations of mismanagement. The *Baca* court held that such a maneuver was improper. Because the pending complaint could be amended to add further allegations, allowing the shareholder's inspection of documents "'would reinforce the perverse incentives motivating too many representative plaintiffs' unseemly and inefficient race to the courthouse . . . . [If this were allowed], a stockholder plaintiff could file a placeholder complaint to secure control of the derivative action, then cleverly use the amendment process to open a window for subsequent [statutory inspection of corporate documents]." *Id.* at *5-6. Thus, your firm may not file a derivative complaint and then subsequently make an inspection demand seeking documents that may be used to amend that derivative complaint.

The fourth contention you make in your November 9, 2010, letter is that the formation of a special committee does not preempt all shareholders' statutory inspection rights. But this is beside the point. *Kaufman v. Computer Associates International, Inc.*, 2005 WL 3470589 (Del. Ch. Dec. 13, 2005), recognizes that courts should conduct a case-by-case analysis to determine whether an inspection should be disallowed because it would interfere with a special committee's investigation. *Id.* at *2-4. Under the circumstances, not only is your demand wholly unsupported, your inspection demand is also improper for this additional reason.



Travis E. Downs III
January 11, 2011
Page 3

      For all of the above reasons, J&J again declines your demand.

                                           Sincerely,

                                           Walter C. Carlson

cc:  William E. Craco