# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
KHOREN BANDAZIAN
LINDSEY H. TAYLOR

**5 BECKER FARM ROAD
ROSELAND, N.J.  07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
———
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
MARC D. MICELI
RAYMOND E. STAUFFER°
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD A. ECKLUND
VINCENZO M. MOGAVERO
AUDRA E. PETROLLE
°MEMBER N.Y. BAR ONLY

May 25, 2011

<u>VIA ELECTRONIC FILING AND
HAND DELIVERY</u>

The Honorable Freda L. Wolfson, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

Re:   **In re: Johnson & Johnson Derivative Litigation
        Civil Action No. 10-cv-2033 (FLW)**

Dear Judge Wolfson:

On behalf of the Plaintiffs and the Court-appointed co-Lead Counsel in the above-captioned action, we write to respond to the Defendants' letters dated May 23, 2011.  We oppose Defendants' request to further delay this Action.

Plaintiffs commenced this Action more than a year ago, on April 21, 2010.  (*See* Docket No. 1).  As reflected in the Consolidated Amended Complaint filed on December 17, 2010, Plaintiffs allege that for more than 7 years, the Defendants consciously ignored, if not actively encouraged, the widespread promotion of numerous drugs and devices in violation of U.S. drug marketing laws, and the production of numerous drugs in violation of U.S. drug manufacturing laws.  (*See generally* Docket No. 94).   Defendants' misconduct has caused and continues to cause Johnson & Johnson ("J&J" or the "Company") enormous harm, as shown by the ongoing, unprecedented product recalls and recent reports that the Government is seeking payment of $1 billion just for J&J's illegal promotion of Risperdal.  (*See* Docket Nos. 128 and 134).   The amounts J&J will be fined if it does not immediately right its ship on other drugs and its drug production problems may well be higher, or may include debarment, which would decimate J&J's business.

On May 2 and 10, 2011 – after Defendants' motion to dismiss in this Action was fully briefed – two different plaintiffs filed derivative actions in this District, alleging that certain of the Defendants in the above-captioned action had ignored the payment of bribes to government officials in Greece, Romania, Poland and Iraq, in violation of the Foreign Corrupt Practices Act ("FCPA").  These actions followed a February 2007 announcement by J&J that "subsidiaries outside the United States [were] believed to have made improper payments in connection with

The Honorable Freda L. Wolfson, U.S.D.J.
May 25, 2011
Page 2

the sale of medical devices in two small-market countries" and an announcement in April 2011 that the Company agreed to pay $70 million dollars to resolve these FCPA violations. The "FCPA actions" are currently pending before Chief Judge Garrett E. Brown, Jr. and motions to consolidate the two FCPA actions and to appoint lead plaintiffs are set for June 20, 2011.

The Court should deny Defendants' request to consolidate the two FCPA actions with this Action. Defendants cannot satisfy their burden to show that there is a "common question of law or fact" as required by Fed. R. Civ. P. 42(a). *See In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). Moreover, the Court's August 17, 2010 Consolidation Order should be read in the context of the allegations in this Action, not in a way that obviates the Defendants' burden to show there are common questions of law or fact as required by Rule 42(a).

*First*, the questions of law overlap only in the sense that all derivative actions have certain common legal issues. The Action before this Court involves Defendants' conscious disregard of widespread violations of U.S. drug marketing laws and U.S. drug manufacturing laws, not the Foreign Corrupt Practices Act.

*Second*, the underlying misconduct in this Action took place in the United States and Puerto Rico, not at J&J subsidiaries in Europe and Iraq, as is the issue in the FCPA Actions. Other than the common theme that Defendants have complete disregard for any law standing in the way of short-term profits, these actions have no legal or factual questions in common and consolidation should be denied.[1]

*Third*, even should the Court determine that common questions of law or fact existed, the Court should still deny Defendants' consolidation request. In this District, "the mere existence of common issues does not require consolidation" and "the decision to consolidate rests in the sound discretion of the district court." *Parlodel*, 182 F.R.D. at 444. In exercising its discretion, the Court "should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id.* Here, consolidation would result in new delays and additional expense without achieving any judicial economies. *See also In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.").

In this regard, if the Court is nevertheless inclined to consolidate these actions, we respectfully submit that this Action should be permitted to proceed without further delay. The pending motions to dismiss should be decided, and discovery (if the motions are denied) can

---

[1] Defendants make much of the fact that there is an overlap between some of Plaintiffs' counsel in this Action and some of plaintiffs' counsel in the FCPA actions. Not surprisingly, Defendants – represented by defense firms with clients involved in multiple lawsuits – have failed to cite a single case holding that an overlap in *counsel* creates a common question of law or fact supporting consolidation.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

The Honorable Freda L. Wolfson, U.S.D.J.
May 25, 2011
Page 3

proceed on the already briefed claims while the parties conduct subsequent briefing on the FCPA specific issues.

*Fourth*, any purported effort of the Special Litigation Committee ("SLC") to investigate the wrongdoing alleged in this Action is irrelevant.  As explained in Plaintiffs' briefs opposing the pending motion to dismiss, Defendants have made sure that a majority of the SLC members have a personal interest in impeding this Action and that the SLC itself has an inadequate mandate.  (*See* Docket No 114, at 44-48, and Docket No  128, at 5).  Waiting for an SLC report or SLC recommendation is truly an exercise in futility.

*Finally*, Defendants raise a logistical objection to the Court moving forward with this Action, asserting that Defendants' counsel is out of the country for the next three weeks.  While we appreciate the importance of counsel's schedule, we nevertheless believe that oral argument should be scheduled at the soonest practicable date consistent with the Court's schedule.  The reason for our urgency is that we do not believe that Defendants sufficiently appreciate the seriousness of J&J's problems or the allegations in this Action.  If the Court is prepared for argument, we note that J&J is represented by the venerable law firm of Sidley Austin LLP, and we have complete confidence in its ability to handle this matter on behalf of its client.

We respectfully request that the Court deny Defendants' request for consolidation or other delays, and schedule oral argument with respect to the pending motion.  We thank the Court for its consideration of this request and its attention to this matter.


Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO


/s/ James E. Cecchi


JAMES E. CECCHI


cc:    Honorable Garrett E. Brown, Jr. (via electronic filing)
       All counsel of record (via electronic filing)


CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION