# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 PLAZA WEST-ONE · SADDLE BROOK, N.J. 07663 · 201-845-9600 · TELECOPIER 201-845-9423

General E-mail : clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

May 25, 2011

**VIA ECF**

The Honorable Freda L. Wolfson
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

    Re:    *In re Johnson & Johnson Derivative Litigation*,
             No. 3:10-cv-02033-FLW-DEA

           *Wollman, et al. v. Coleman, et al.*,
           No. 3:11-cv-02511-GEB-TJB

           *Cafaro, et. al. v. Coleman, et. al.*,
           No. 3:11-cv-02652-GEB-TBJ
           Our File No.: 38,298-0

Dear Judge Wolfson:

      We represent plaintiffs Sandra Wollman and Gila Heimowitz and respectfully submit this brief response to the letter submitted to the Court on May 23, 2011 by counsel for Johnson & Johnson ("J&J" or the "Company"). Plaintiffs Wollman and Heimowitz are the named plaintiffs in *Wollman, et al. v. Coleman, et al.*, No. 3:11-cv-02511-GEB-TJB (D.N.J.) ("*Wollman*"), a shareholder derivative action on behalf of nominal defendant J&J against its Board of Directors for damages arising from violations of the Foreign Corrupt Practices Act ("FCPA") at J&J's subsidiaries in Poland, Greece, Romania and Iraq.

      On May 23, 2011, rather than cross-moving to the motion to consolidate *Wollman* with a second related action, *Cafaro, et. al. v. Coleman, et. al.*, No. 3:11-cv-02652-GEB-TBJ (both, together, the "FCPA Action") pending before Chief Judge Brown, or even moving separately, counsel for J&J submitted a letter to Your Honor claiming that the FCPA Action is related to, and should be consolidated with, certain shareholder derivative actions filed on behalf of J&J arising from improper off-label drug marketing practices and recalls of contaminated over-the-counter products (the "Recall Action"). This is simply wrong. And a more suspicious mind might conclude that J&J's actions were undertaken for the purpose of delaying proceedings in the Recall Action, where the defendants face a strong likelihood of losing their facile futility of demand arguments on an already fully briefed motion to dismiss.

      The two J&J shareholders derivative actions are factually distinct and involve different issues of law. As a threshold matter, the FCPA Action arises out of the utter failure of J&J's Board of Directors to implement internal controls and systems required for compliance with the FCPA at J&J's subsidiaries in Poland, Greece, Romania and Iraq and from alleged bribes and kickbacks paid

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
COUNSELLORS AT LAW

by J&J to obtain business. The bribes and kickbacks that gave rise to the FCPA violations found by the Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ") occurred outside the United States. By contrast, the product recalls and misconduct that gave rise to the Recall Action occurred largely within the United States. Neither are the times frames in the two derivative actions exactly the same.

Further, although demand futility will be an issue in both derivative cases, the basis for excusing a pre-suit demand upon the J&J Board of Directors is different in the two cases. In the FCPA Action, demand is excused because the J&J Board of Directors, in the face of a known duty to act, failed to cause J&J to implement the internal controls necessary to bring J&J into compliance with the FCPA. In other words, the J&J Board of Directors breached its duty of loyalty and, therefore, is not entitled to indemnification or exculpated by the "liability raincoat" contained in J&J's incorporation documents. Moreover, and importantly, J&J admitted in the DOJ enforcement action that it lacked internal controls sufficient for compliance with the FCPA in Greece, and in the SEC enforcement action J&J not only agreed not to dispute, but conceded the findings by the SEC that J&J lacked internal controls for compliance with the FCPA at its subsidiaries operating in Poland, Greece, Romania and Iraq. Futility of demand in the Recall Action rests upon an entirely different theory.

Perhaps the most telling fact regarding why the FCPA Action and Recall Action are not related is what appears – or, more correctly, what does not appear – in the consolidated complaint and motion to dismiss filed in the Recall Action. Despite its length of more than 100-pages, and extensively documented facts, the consolidated complaint filed in the Recall Action does not mention a single word about the then ongoing federal investigations into J&J for its failure to comply with the FCPA. Neither does the extensively and thoroughly researched consolidated complaint make a single mention of the violations at J&J's subsidiaries in Poland, Greece, Romania and Iraq that gave rise to the FCPA violations resulting in the 10th largest FCPA fine ever against a U.S. corporation.

The plaintiffs' decision not to mention the FCPA violations in the Recall Action obviously emanates from their belief that they are not related, and the defendants' failure to do so can only be attributed to the same belief. As detailed in the complaint filed in the FCPA Action, the defendants have known since at least 2007 that J&J violated the FCPA by bribing foreign officials in Poland, Greece, Romania and Iraq. Yet, in the hundreds of pages of briefing and related material which the defendants submitted on their motion to dismiss the Recall Action complaint, recognizing that the two issues were unrelated, defendants said nothing about the FCPA violations at J&J and/or the relationship of those violations to their liability for the damages alleged in the Recall Action complaint. Only after the filing of the FCPA Action did J&J suddenly contend that its Board's misconduct in connection with the Company's FCPA violations is related to, and should be considered a part of, its conduct which forms the basis of the Recall Action.

In sum, J&J's suggestion that the FCPA Action is "related to" the Recall Action for the purpose of consolidation under Rule 42(a) of the Federal Rules of Civil Procedure, and/or the consolidation order entered by this Court in the Recall Action, is fatally flawed. The FCPA Action

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
COUNSELLORS AT LAW

and the Recall Action arise from an entirely different set of operative facts and do not involve the same or substantially the same issues of law. Moreover, consolidation of the FCPA Action and the Recall Action will only serve to delay the proceedings in the Recall Action, where the motion to dismiss is fully briefed.

Lastly, J&J suggests that the fact that the named plaintiffs in the FCPA Action made a demand for inspection of documents concerning violations of the FCPA during the summer of 2010 demonstrates that case is related to the Recall Action. It does no such thing. Rather it suggests merely that the plaintiffs who brought the FCPA Action were investigating it before filing suit – hardly a remarkable fact. It is worth noting, however, that the J&J Board of Directors improperly rejected that perfectly legitimate inspection demand, declining to produce the documents and information sought (even though they purportedly believed those documents were relevant to the ongoing "related" Recall Action).

The J&J Board's willingness to stonewall the Company's shareholders' request for information about FCPA violations (that landed J&J on the top 10 list of all-time FCPA settlements) speaks volumes about the directors' duplicity here. J&J's complaints about the inspection demand prove too much. Contrary to what defendants had hoped, their improper refusal to even provide the most basic information about the FCPA violations at J&J, strongly demonstrates that a pre-suit demand upon the J&J Board in the FCPA Action would be a useless and futile act and, therefore, should be excused.

Respectfully submitted,

Peter S. Pearlman

PSP:glv
cc:   Hon. Garrett E. Brown, Chief U.S.D.J. (via ECF)
      Hon. Douglas E. Arpert, U.S.M.J. (via ECF)
      Hon. Tonianne J. Bongiovanni, U.S.M.J. (via ECF)
      All Counsel (via ECF)
      Erik Haas, Esq. (via e-mail only)