Donald A. Robinson
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com
lwettre@rwmlegal.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
Laura Day Rottenborn (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Nominal Defendant
Johnson & Johnson*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | CIVIL NO. 3:10-CV-02033 (FLW) (DEA)<br><br>**JOHNSON & JOHNSON'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

DISCUSSION ........................................................................................................4

I.   J&J'S MOTION TO DISMISS SHOULD BE GRANTED BASED ON
     THE PLEADINGS ......................................................................................4

II.  ANY PLAINTIFF SEEKING TO PURSUE A DERIVATIVE CLAIM
     IS SUBJECT UNDER *PSE&G* TO THE SPECIAL COMMITTEE'S
     REPORT AND DETERMINATIONS .........................................................4

CONCLUSION .......................................................................................................6

## TABLE OF AUTHORITIES

CASES

*Fagin v. Gilmartin*,
   2007 WL 2176482 (N.J. Super. Ct. Ch. Div. July 19, 2007) .................................... 6

*In re Merck & Co., Inc. Sec., Deriv., & ERISA Litig.*,
   493 F.3d 393 (3d Cir. 2007) ...................................................................................... 6

*In re PSE&G Shareholder Litigation*,
   173 N.J. 258 (2002) .......................................................................................... 3, 4, 6

## INTRODUCTION

Pursuant to the Court's request at the June 15 status conference, Johnson & Johnson ("J&J" or "the Company") respectfully submits this supplemental memorandum in support of its Motion to Dismiss (Dkt. No. 105).

As the Court is aware, following the receipt of three shareholder demand letters, J&J's Board of Directors in April 2010 appointed a Special Committee of four independent board members to investigate the allegations made in those shareholder demands. The Special Committee retained Douglas Eakeley of Lowenstein Sandler as its independent counsel. As additional shareholder demand letters were received and as various derivative suits were filed by shareholders who chose not to make a demand, the Special Committee's responsibility was expanded to include the investigation of the additional claims and allegations.

The Special Committee and Mr. Eakeley have now completed a year-long, comprehensive investigation of those claims and allegations. In the course of that investigation, they met eleven times, compiled a database of more than one million pages, interviewed 35 witnesses, and spoke or met with numerous counsel who have represented the Company and/or its subsidiaries in the matters about which the plaintiffs complain.

The Special Committee and Mr. Eakeley prepared an extensive Report, which was filed with the Court on July 18 (Dkt. No. 149, Attachment 1). The

Report sets forth the investigation, findings, and recommendations of the Special Committee. In addition to discussing its investigation in detail, the Report outlines J&J's corporate and Board oversight of Health Care Compliance and Quality and Compliance issues. It details the additional policies, procedures, and organizational changes that the Company has implemented over time with the intent of assuring full compliance with all applicable laws and regulations.

The Special Committee found that there were no red flags or indications of systemic failure that were ignored by the Board or the Audit Committee, and that no director breached any fiduciary duty owed to J&J. The Special Committee concluded that it is not in the best interests of the Company to pursue the derivative litigation that is currently pending or to initiate litigation based upon the demands received from shareholders, and recommended that the Board reject the shareholder demands and seek dismissal of the pending litigation. The Special Committee also recommended that the Board create a new Regulatory and Compliance Committee, which will have as its focus the oversight of the Company's Health Care Compliance and Quality and Compliance organizations, operations, and matters.

The J&J Board (with the Chairman/CEO not participating, for the reasons set forth in the Report) has reviewed and discussed the Report and unanimously determined to adopt the recommendations of the Special Committee and its

counsel. (Dkt. No. 149.) Accordingly, J&J's Board has rejected the shareholder demands, has directed the Company to take appropriate steps to seek the dismissal of the pending derivative litigation, and has instructed that a Regulatory and Compliance Committee be created in accordance with the parameters set forth in the Report.

The Court has inquired as to the bearing of the Special Committee's Report and the Board's determination upon this case.

As an initial matter, for the reasons J&J has previously set forth on this Motion, the plaintiffs who filed derivative suits without making demands upon J&J's Board were not excused from failing to do so. As the New Jersey Supreme Court instructed in *In re PSE&G Shareholder Litigation* ("*PSE&G*"), 173 N.J. 258 (2002), the threshold issue of whether plaintiffs have pled grounds to excuse demand is to be decided upon the pleadings. The Report and Board action do not affect the pleadings in this case. Thus, for all of the reasons previously set forth, plaintiffs have not pled that demand was excused and this case should be dismissed.

Notwithstanding that this case should be dismissed on the pleadings, the Special Committee's Report and Board's determination will have an important effect upon any case in which a plaintiff seeks to pursue derivative claims on behalf of the Company, including this action and any that may be filed by a

shareholder who made a demand. As held by the New Jersey Supreme Court in *PSE&G*, based upon the detailed, thorough, and independent investigation that has been conducted by the Special Committee and now adopted by the Board, the Company is entitled to seek the dismissal of any such suit under the modified business judgment rule announced in *PSE&G*. J&J is prepared to file such a motion in the event this suit is not dismissed on the pleadings.

## DISCUSSION

### I.   J&J'S MOTION TO DISMISS SHOULD BE GRANTED BASED ON THE PLEADINGS

The Special Committee's Report and the Board's determination do not change the Court's analysis of J&J's motion to dismiss for failure to make a demand. Whether demand is excused at the pleading stage is a matter of the pleadings alone. *PSE&G*, 173 N.J. at 282. For all of the reasons stated in J&J's briefs on the Motion to Dismiss (Dkt. Nos. 105 and 126), the Consolidated Complaint does not properly plead that demand on J&J's Board was futile, and the Consolidated Complaint must therefore be dismissed.

### II.   ANY PLAINTIFF SEEKING TO PURSUE A DERIVATIVE CLAIM IS SUBJECT UNDER *PSE&G* TO THE SPECIAL COMMITTEE'S REPORT AND DETERMINATIONS

J&J moved in the alternative to stay this action pending completion of the Special Committee's investigation. The Report now has been issued, and it

demonstrates both the importance of the demand requirement and the Board's conscientious action in response to the shareholder demands and these suits.

The Board took the shareholder demands and the allegations of the derivative complaints very seriously, and did exactly what New Jersey law contemplates: it appointed a Special Committee, empowered the Special Committee to hire independent counsel and investigate, and provided all necessary resources. The Special Committee and its counsel have conducted an extensive and thorough investigation. That investigation generated a number of findings and recommendations, among them the determination that it was not in the best interests of the Company to bring suit against any current or former officer or director. The Board (without the Chairman/CEO participating) had a full opportunity to discuss the Report and deliberate with respect to the claims that have been investigated, and the independent directors have unanimously adopted the recommendations of the Report. Additionally, as detailed in the Report, the Company has already made a number of enhancements to the Company's compliance regime, and the Board is adopting a significant corporate governance recommendation that was made by the Special Committee.

The Special Committee's Report and Board's determination bear upon any potential next steps in this litigation. Once the Court decides the motion to dismiss based upon the pleadings, plaintiffs still are subject to the legal framework set forth

in *PSE&G*. Whether or not the Court grants J&J's pending motion to dismiss, these plaintiffs are subject to the Report of the Special Committee and the Board's determination. Accordingly, if one or more plaintiffs continue to seek to pursue derivative claims that have been rejected by the Board's determination following the Special Committee's Report, J&J will bring an appropriate motion in accordance with *PSE&G* in response to any such complaint. 173 N.J. at 286; *see also Fagin v. Gilmartin*, 2007 WL 2176482, at *14-15 (N.J. Super. Ct. Ch. Div. July 19, 2007).

One of the fundamental powers of a company's board of directors is the "decision to bring a lawsuit or to refrain from litigating a claim on behalf of the corporation." *In re Merck & Co., Inc. Sec., Deriv., & ERISA Litig.*, 493 F.3d 393, 399 (3d Cir. 2007); *see also PSE&G*, 173 N.J. at 282. Based upon the thorough investigation of the Special Committee and its independent counsel, J&J's Board has determined that it is not in the Company's best interests to bring suit on behalf of the Company. Accordingly, J&J will seek dismissal based upon the findings of the Special Committee's investigation at the appropriate time if necessary.

## CONCLUSION

J&J's Motion to Dismiss for failure to make a demand should be granted for all of the reasons stated in J&J's prior briefs (Dkt. Nos. 105 and 126).

Respectfully submitted,

/s/ Donald A. Robinson
Donald A. Robinson
Leda Dunn Wettre
Robinson, Wettre & Miller LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400

*Attorneys for Nominal Defendant Johnson & Johnson*

Walter C. Carlson
Kristen R. Seeger
Laura Day Rottenborn
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

July 22, 2011

## CERTIFICATE OF SERVICE

I certify that on July 22, 2011 I served the attached Supplemental Memorandum in Support of Johnson & Johnson's Motion to Dismiss on all counsel via the Court's electronic CM/ECF filing system.

*s/Donald A. Robinson*
