Donald A. Robinson
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com
lwettre@rwmlegal.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
Laura Day Rottenborn (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Nominal Defendant
Johnson & Johnson*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | CIVIL NO. 3:10-CV-02033 (FLW) (DEA)<br><br>**JOHNSON & JOHNSON'S SUPPLEMENTAL RESPONSE TO THE RE-FILED NOTICE OF MOTION FOR INTERVENTION AND APPOINTMENT OF ABRAHAM, FRUCHTER & TWERSKY, LLP AND KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. AS, RESPECTIVELY, LEAD COUNSEL AND LIAISON COUNSEL** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

DISCUSSION .......................................................................................................... 3

I.  AF&T's Proposed Complaint In Intervention Is Not A Proper Challenge To The Special Committee's Report Or The Board's Decision ........................... 3

II. It Would Be Inappropriate At This Time To Appoint "Lead Counsel" For Shareholders Who Have Made Demands ...................................................... 4

CONCLUSION ........................................................................................................ 4

# TABLE OF AUTHORITIES

**CASES**

*In re PSE&G Shareholder Litigation*,
    173 N.J. 258 (2002) ............................................................................................4

## PRELIMINARY STATEMENT

Pursuant to the Court's request at the June 15 status conference, Johnson & Johnson ("J&J" or "the Company") respectfully submits this supplemental response to the Re-Filed Notice of Motion for Intervention and Appointment of Abraham, Fruchter & Twersky, LLP ("AF&T") and Kantrowitz, Goldhamer & Graifman, P.C. as, Respectively, Lead Counsel and Liaison Counsel (the "Re-Filed Notice") (Dkt. No. 120), the accompanying proposed Complaint in Intervention (Dkt. No. 121, Ex. A), and the original underlying Motion (Dkt. No. 42).

As this Court is already aware, AF&T represents three individuals who first made a demand upon the J&J Board of Directors in February 2010. AF&T made an expanded demand on behalf of those same shareholders in July 2010. In response to those demands, the demands made by several other shareholders, and shareholder derivative suits that were filed, J&J's Board appointed a Special Committee of independent directors to investigate the various allegations made in those demands and shareholder derivative suits.

The Special Committee hired independent counsel, and has now completed a year-long comprehensive investigation of those various allegations. The Special Committee's Report, which sets forth in detail the extent of that investigation, the conclusions reached, and the recommendations made, has been filed with the Court. (Dkt. No. 149, Attachment 1.) The J&J Board (with the Chairman/CEO

not participating) has reviewed the Report with care and unanimously determined to adopt the recommendations of the Special Committee and its independent counsel. Accordingly, J&J's Board has rejected AF&T's demands that the Company commence litigation against current and former officers and directors. (Dkt. No. 149.)

In light of the Special Committee's Report and the Board's determination, J&J takes the following additional positions with respect to the Motion and the proposed Complaint in Intervention, in addition to those it previously set forth in its briefs on this matter (*see* Dkt. Nos. 61 and 127):

- AF&T's clients made two demands on J&J's Board and those demands have been investigated. The premature proposed Complaint in Intervention that AF&T sought to file before the Special Committee's investigation was complete is not a proper challenge to the Special Committee's Report or to the Board's subsequent decision. If AF&T's clients still desire to challenge the Special Committee's work or the Board's rejection of their demands that litigation be commenced, AF&T should file an appropriate complaint challenging the rejection of their demands.

- AF&T's request to be appointed as "Lead Counsel" for all shareholders who made demands on J&J's Board is premature. Shareholder demands

were made by seven different sets of shareholders, and it is uncertain whether any, or how many of them, will seek to challenge the Report or the Board's determination, or what the bases for such challenge might be. It is plainly premature to appoint such "Lead Counsel" at this time.

## DISCUSSION

### I.   AF&T's Proposed Complaint In Intervention Is Not A Proper Challenge To The Special Committee's Report Or The Board's Decision

Despite having made two demands on J&J's Board, in April 2011 AF&T sought leave to file a proposed Complaint in Intervention (Dkt. No. 121, Ex. A) before the Special Committee had completed its investigation. J&J opposed the filing of that Complaint in Intervention on the grounds that it was an anticipatory and improper challenge to the Special Committee's ongoing investigation. (Dkt. No. 127.)

The Special Committee of the Board has now completed its investigation of all of the shareholder allegations, including those of AF&T's clients, and has issued its comprehensive Report. The Board has accepted the recommendations in that Report.

If AF&T's clients still wish to challenge the Special Committee's work, the Report, or the Board's decision thereon, they should now file a complaint setting forth all of their concerns. J&J will, in accordance with the teachings of the New

3

Jersey Supreme Court in *In re PSE&G Shareholder Litigation*, 173 N.J. 258, 286 (2002), bring an appropriate motion in response to any such complaint.

To facilitate an orderly process, J&J suggests that the Court set a deadline for any such filings by demand-made shareholders who seek to challenge the Board's decision. Any such filings could then be consolidated into a single complaint for purposes of briefing by the parties and consideration by the Court.

## II. It Would Be Inappropriate At This Time To Appoint "Lead Counsel" For Shareholders Who Have Made Demands

AF&T's Motion also seeks "Lead Counsel" status to represent all shareholders who have made a demand on J&J's Board. But it would be inappropriate to appoint such a "Lead Counsel" for demand-made shareholders at this time. If demand-made shareholders file actions challenging the Board's determination based upon the Special Committee's Report, the Court can then consider whether "Lead Counsel" for demand-made shareholders should be appointed.

## CONCLUSION

The proposed Complaint in Intervention that AF&T sought leave to file in April was premature. If AF&T's clients intend to challenge the Board's decision based upon the Report of the Special Committee, they should bring a proper complaint at this time. Accordingly, for the reasons detailed here and in J&J's prior submissions regarding the Motion (Dkt. Nos. 61 and 127), the Motion for

Intervention should be denied to the extent it seeks leave to file a premature complaint and prematurely to appoint Lead Counsel.

                                              Respectfully submitted,

                                              */s/ Donald A. Robinson*

| | |
|---|---|
| Walter C. Carlson | Donald A. Robinson |
| Kristen R. Seeger | Leda Dunn Wettre |
| Laura Day Rottenborn | Robinson, Wettre & Miller LLC |
| Sidley Austin LLP | One Newark Center |
| One South Dearborn | Newark, New Jersey 07102 |
| Chicago, Illinois 60603 | (973) 690-5400 |
| (312) 853-7000 | |
| | *Attorneys for Nominal Defendant* |
| | *Johnson & Johnson* |
| July 22, 2011 | |

5

## CERTIFICATE OF SERVICE

I certify that on July 22, 2011 I served the attached Johnson & Johnson's Supplemental Response To The Re-Filed Notice Of Motion For Intervention And Appointment Of Abraham, Fruchter & Twersky, LLP And Kantrowitz, Goldhamer & Graifman, P.C. As, Respectively, Lead Counsel And Liaison Counsel on all counsel via the Court's electronic CM/ECF filing system.

*s/Donald A. Robinson*