Donald A. Robinson
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com
lwettre@rwmlegal.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
Laura Day Rottenborn (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Nominal Defendant
Johnson & Johnson*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | CIVIL NO. 3:10-CV-02033 (FLW) (DEA) <br><br> **JOHNSON & JOHNSON'S SUPPLEMENTAL OPPOSITION TO COPELAND'S MOTION FOR REDESIGNATION** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................1

DISCUSSION .........................................................................................................3

I.  Copeland's Premature Complaint Is Not A Proper Challenge To The Special Committee's Report Or The Board's Decision .................................3

II. It Would Be Inappropriate At This Time To Appoint "Lead Counsel" For Shareholders Who Have Made Demands ..................................................4

CONCLUSION........................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*In re PSE&G Shareholder Litigation*,
    173 N.J. 258 (2002) ................................................................................................4

## PRELIMINARY STATEMENT

Pursuant to the Court's request at the June 15 status conference, J&J respectfully submits this supplemental opposition to Plaintiff Copeland's Motion for Redesignation ("the Motion") (Dkt. No. 107).

As this Court is already aware, Ms. Copeland made a demand upon the Johnson & Johnson ("J&J" or "the Company") Board of Directors in May 2010. In response to that demand, the demands made by several other shareholders, and various shareholder derivative suits that were filed, J&J's Board appointed a Special Committee of independent directors to investigate the various allegations made in those demands and shareholder derivative suits.

The Special Committee hired independent counsel, and has now completed a year-long comprehensive investigation of those various allegations. The Special Committee's Report, which sets forth in detail the extent of that investigation, the conclusions reached, and the recommendations made, has been filed with the Court. (Dkt. No. 149, Attachment 1.) The J&J Board (with the Chairman/CEO not participating) has reviewed the Report and unanimously determined to adopt the recommendations of the Special Committee and its independent counsel. Accordingly, J&J's Board has rejected Copeland's demand that the Company commence litigation against current and former officers and directors. (Dkt. No. 149.)

In light of the Special Committee's Report and the Board's determination, J&J opposes the Motion for the following reasons in addition to those it previously set forth in the briefing on this matter (*see* Dkt. No. 109):

- Copeland made a demand on J&J's Board and that demand has been investigated. The premature complaint that Copeland filed in the midst of the Special Committee's investigation is not a proper challenge to the Special Committee's Report or to the Board's subsequent decision. If Copeland still desires to challenge the Special Committee's work or the Board's rejection of her demand that litigation be commenced, she should file an appropriate complaint challenging the rejection of her demand.

- Copeland's request to be appointed as "Lead Counsel" for all shareholders who made demands on J&J's Board is inappropriate. Shareholder demands were made by seven different sets of shareholders, and it is uncertain whether any, or how many of them, will seek to challenge the Report or the Board's determination, or what the bases for such challenge might be. It is plainly premature to appoint such "Lead Counsel" at this time.

# DISCUSSION

## I. Copeland's Premature Complaint Is Not A Proper Challenge To The Special Committee's Report Or The Board's Decision

Despite having made a demand on J&J's Board, Copeland filed her premature individual derivative complaint on December 1, 2010 (the "Copeland Action"). (*See* Case No. 3:10-cv-06251, Dkt. No. 1.) On January 19, 2011, the Court *sua sponte* consolidated the Copeland Action into Case No. 3:10-cv-2033, and terminated the Copeland Action. (*See id.*, Dkt. No. 14.)

On February 23, 2011, over a month after this Court's order, Copeland moved for her December 2010 complaint to be "redesignated." (Dkt. No. 107.) J&J opposed that Motion for a number of reasons, including that her complaint was an anticipatory and improper challenge to the Special Committee's ongoing investigation. (Dkt. No. 109.)

The Special Committee of the Board has now completed its investigation of all of the shareholder allegations, including Copeland's, and has issued its comprehensive Report. The Board has accepted the recommendations in that Report.

If Copeland still wishes to challenge the Special Committee's work, the Report, or the Board's decision thereon, she should now file a complaint setting forth all of her concerns. J&J will, in accordance with the teachings of the New

3

Jersey Supreme Court in *In re PSE&G Shareholder Litigation*, 173 N.J. 258, 286 (2002), bring an appropriate motion in response to any such complaint.

To facilitate an orderly process, J&J suggests that the Court set a deadline for any such filings by demand-made shareholders who seek to challenge the Board's decision. Any such filings could then be consolidated into a single complaint for purposes of briefing by the parties and consideration by the Court.

## II. It Would Be Inappropriate At This Time To Appoint "Lead Counsel" For Shareholders Who Have Made Demands

Copeland's Motion also seeks "Lead Counsel" status for her counsel to represent all shareholders who have made a demand on J&J's Board. But it would be inappropriate to appoint such a "Lead Counsel" for demand-made shareholders at this time. If demand-made shareholders file actions challenging the Board's determination based upon the Special Committee's Report, the Court can then consider whether "Lead Counsel" for demand-made shareholders should be appointed.

## CONCLUSION

The premature complaint that Copeland filed seven months ago was improper for numerous reasons. If Copeland, having made a demand, now intends to challenge the Board's decision based upon the Report of the Special Committee, she should bring a proper complaint at this time. Accordingly, the Motion for

Redesignation should be denied for the reasons detailed here and in J&J's prior submission regarding the Motion (Dkt. No. 109).

                                              Respectfully submitted,

                                              */s/ Donald A. Robinson*

| | |
|---|---|
| Walter C. Carlson | Donald A. Robinson |
| Kristen R. Seeger | Leda Dunn Wettre |
| Laura Day Rottenborn | Robinson, Wettre & Miller LLC |
| Sidley Austin LLP | One Newark Center |
| One South Dearborn | Newark, New Jersey 07102 |
| Chicago, Illinois 60603 | (973) 690-5400 |
| (312) 853-7000 | |
| | *Attorneys for Nominal Defendant* |
| | *Johnson & Johnson* |
| July 22, 2011 | |

5

## CERTIFICATE OF SERVICE

I certify that on July 22, 2011 I served the attached Johnson & Johnson's Supplemental Opposition To Copeland's Motion For Redesignation on all counsel via the Court's electronic CM/ECF filing system.

*s/Donald A. Robinson*