Donald A. Robinson
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com
lwettre@rwmlegal.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
Laura Day Rottenborn (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Nominal Defendant*
*Johnson & Johnson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | CIVIL NO. 3:10-CV-02033 (FLW) (DEA)<br><br>**JOHNSON & JOHNSON'S RESPONSE TO COPELAND'S SUPPLEMENTAL SUBMISSION REGARDING REPORT OF THE SPECIAL COMMITTEE** |

Johnson & Johnson ("J&J" or "the Company"), respectfully submits this response to Plaintiff Copeland's Supplemental Submission Regarding Report Of The Special Committee Of The Board Of Directors Of Johnson & Johnson ("Supplemental Submission") (Dkt. No. 155).

Copeland made a demand on J&J's Board. She also filed a premature shareholder derivative complaint. This Court consolidated Copeland's complaint into the Consolidated Action, but Copeland maintains that it should remain separate. (*See*, *e.g.*, Dkt. No. 155.) Copeland's motion to "redesignate" her December 2010 complaint (Dkt. No. 107) should be denied.

In her Supplemental Submission, Copeland argues that she should be permitted to pursue her separate action because she made a demand on J&J's Board and because she claims the Special Committee's Report supports her allegations. Copeland is mistaken.

J&J takes the following positions with respect to Copeland's Supplemental Submission:

- The Board has rejected the demand that Copeland made for all of the reasons set forth in the Report. (Dkt. No. 149, Attachment 1.)

- Copeland may now seek to challenge the Board's rejection of her demand. If she wishes to do so, her challenge should be consolidated with all other similarly situated cases. Copeland should not receive

any preference for having filed an improper and premature complaint.[1]

- Copeland is simply wrong that the Report supports her allegations, but this is not the time for briefing concerning the substance of the Report.  J&J anticipates that a consolidated complaint will be filed.  When J&J brings its motion to terminate that complaint in accordance with *In re PSE&G Shareholder Litigation*, 173 N.J. 258 (2002), J&J will set forth in detail the reasons why the Board's action based upon the careful, comprehensive investigation conducted by the Special Committee rejects each of Copeland's claims.

---

[1] Copeland should not be allowed to proceed with an individual complaint.  If, however, the Court permits Copeland to stand on her individual complaint as she appears to request (*see* Dkt. No. 155 at 3), J&J will bring an appropriate motion in response to that complaint (*see* Dkt. No. 154).  However, Copeland has twice previously stated that she intended to amend her complaint (*see* Dkt. No. 107, Attachment 2 at 2 n.2; Dkt. No. 112 at 10 n.5).  If Copeland chooses to stand on the complaint she filed in December 2010, Copeland should not be given future leave to amend.

2

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Donald A. Robinson* |
| Walter C. Carlson | Donald A. Robinson |
| Kristen R. Seeger | Leda Dunn Wettre |
| Laura Day Rottenborn | Robinson, Wettre & Miller LLC |
| Sidley Austin LLP | One Newark Center |
| One South Dearborn | Newark, New Jersey 07102 |
| Chicago, Illinois 60603 | (973) 690-5400 |
| (312) 853-7000 |  |
|  | *Attorneys for Nominal Defendant* |
|  | *Johnson & Johnson* |
| July 26, 2011 |  |

3

CERTIFICATE OF SERVICE

I certify that on July 26, 2011 I served the attached Johnson & Johnson's Response To Copeland's Supplemental Submission Regarding Report Of The Special Committee upon all counsel of record through the Court's CM/ECF electronic filing system.

*s/Donald A. Robinson*
Donald A. Robinson
