Donald A. Robinson
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com
lwettre@rwmlegal.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
Laura Day Rottenborn (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Nominal Defendant
Johnson & Johnson*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | CIVIL NO. 3:10-CV-02033 (FLW) (DEA)<br><br>**JOHNSON & JOHNSON'S RESPONSE TO THE SUPPLEMENTAL FILING OF ABRAHAM, FRUCHTER & TWERSKY, LLP** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

DISCUSSION ............................................................................................................2

I.   AF&T ADMITS THAT IT MUST FILE A NEW COMPLAINT AND
     THAT J&J IS ENTITLED TO SEEK DISMISSAL OF THAT
     COMPLAINT ..................................................................................................2

II.  AF&T PREMATURELY AND MERITLESSLY CHALLENGES THE
     SPECIAL COMMITTEE REPORT ...............................................................2

     A.   AF&T Misstates New Jersey Law .......................................................3

     B.   AF&T Mischaracterizes The Special Committee's Report ..................4

CONCLUSION ..........................................................................................................5

# TABLE OF AUTHORITIES

**CASES**

*In re Merck & Co., Inc. Deriv. & ERISA Litig.*,
   2006 WL 1228595 (D.N.J. May 5, 2006) ............................................................... 4

*In re Merck & Co., Inc. Sec., Deriv., & ERISA Litig.*,
   493 F.3d 393 (3d Cir. 2007) ............................................................................. 3, 4

*New Jersey Title Ins. Co. v. Caputo*,
   163 N.J. 143 (N.J. 2000) ...................................................................................... 3

*In re PSE&G Shareholder Litig.*,
   173 N.J. 258 (2002) ......................................................................................... 2, 4

**STATUTES**

N.J.S.A. 14A:2-7(3) ................................................................................................ 3, 4

## INTRODUCTION

Johnson & Johnson ("J&J" or "the Company") respectfully submits this response to the supplemental letter submission of Abraham, Fruchter & Twersky, LLP ("AF&T").  (Dkt. No. 151.)

AF&T ostensibly wrote in support of its prior motion seeking to intervene and to be appointed "Lead Counsel."  (Dkt. Nos. 42, 120, and 121, Ex. A.)  However, AF&T admits that in light of the Special Committee's Report and Board's determination, AF&T must file a new complaint if it wishes to challenge the Board's rejection of its clients' demands.  (Dkt. No. 151 at 1.)  AF&T also admits that J&J can seek dismissal of any such complaint.  (*Id.*)

Although AF&T's admissions render its current motion moot, AF&T proceeds to devote nine single-spaced pages to quarreling with the Report and the Special Committee's work.  (Dkt. No. 151 at 2-11.)  AF&T's critique of the Special Committee Report is both premature and without merit.  The proper time to discuss the Report will be after AF&T files a complaint and J&J brings a motion addressed to that complaint (or to a consolidated complaint if multiple shareholders choose to challenge the Board's rejection of their demands that litigation be pursued).

When J&J brings its motion, J&J will fully set forth the work of the Special Committee and the Board's determinations, and the ways in which AF&T's

criticisms of the Special Committee and the Report are in error. J&J, however, believes that it is important to correct AF&T's fundamental misstatement of the law and mischaracterization of the Report.

## DISCUSSION

### I. AF&T ADMITS THAT IT MUST FILE A NEW COMPLAINT AND THAT J&J IS ENTITLED TO SEEK DISMISSAL OF THAT COMPLAINT

AF&T admits that it now needs to file a new complaint and states that the complaint will be forthcoming. (Dkt. No. 151 at 1.) Consequently, AF&T's Re-Filed Notice of Motion for Intervention and Appointment of Abraham, Fruchter & Twersky, LLP ("AF&T") and Kantrowitz, Goldhamer & Graifman, P.C. as, Respectively, Lead Counsel and Liaison Counsel (Dkt. No. 120), the accompanying proposed Complaint in Intervention (Dkt. No. 121, Ex. A), and the original underlying motion (Dkt. No. 42) should all be denied.

AF&T also admits that J&J is entitled to seek dismissal of that forthcoming complaint under the modified business judgment rule as established in *In re PSE&G Shareholder Litigation*, 173 N.J. 258 (2002). (Dkt. No. 151 at 1.) J&J will do precisely that.

### II. AF&T PREMATURELY AND MERITLESSLY CHALLENGES THE SPECIAL COMMITTEE REPORT

AF&T devotes the bulk of its supplemental submission to attacking the Special Committee's work and its Report, listing a variety of quibbles with the

2

Special Committee's analysis of issues. J&J will not address those contentions here, as they are premature and will be covered in detail after AF&T brings its promised complaint. That said, AF&T's erroneous characterizations of the law and the Report deserve to be at least preliminarily addressed.

### A.     AF&T Misstates New Jersey Law

AF&T argues that the Special Committee employed the wrong legal standard (Dkt. No. 151 at 2-3). But it is AF&T that is wrong.

AF&T cites to a case concerning an inapposite statute – the Uniform Fiduciaries Law ("UFL") – that regulates banking relationships: *New Jersey Title Ins. Co. v. Caputo*, 163 N.J. 143 (N.J. 2000). (Dkt. No. 151 at 2-3.) The standards of the UFL have nothing to do with this case. AF&T elsewhere concedes (Dkt. No. 151 at 2) that the applicable statute here is N.J.S.A. 14A:2-7(3). As is more fully discussed in J&J's Motion to Dismiss, N.J.S.A. 14A:2-7(3) provides New Jersey corporations with the ability to adopt charter provisions that protect directors and officers from liability to the full extent of New Jersey law. (*See* Dkt. No. 105, Attachment 4 at 20-21.) J&J's shareholders have adopted such a provision. As a result, its directors and officers can be liable only for acts (1) that constitute a breach of the "duty of loyalty," (2) "not in good faith or involving a knowing violation of the law," or (3) "resulting in receipt by such person of an improper personal benefit." N.J.S.A. 14A:2-7(3). *See also, e.g.*, *In re Merck &*

3

*Co., Inc. Sec., Deriv., & ERISA Litig.*, 493 F.3d 393, 402–04 (3d Cir. 2007) (analyzing the standard for director liability under New Jersey law in the shareholder derivative context); *In re Merck & Co., Inc. Deriv. & ERISA Litig.*, 2006 WL 1228595, at *14–15 (D.N.J. May 5, 2006) (same), *remanded on other grounds*, 493 F.3d 393 (3d Cir. 2007).

AF&T also misstates the applicable standard under *PSE&G* and N.J.S.A. 14A:2-7(3). (Dkt. No. 151 at 2-3.) The Report sets forth and applied the correct standard (Dkt. No. 149, Attachment 1 at 19-21).

**B.   AF&T Mischaracterizes The Special Committee's Report**

Second, AF&T mischaracterizes the legal analysis contained in the Special Committee Report. AF&T cites to one line of a three page legal discussion (Dkt. No. 151 at 3), and attempts to obscure the fact that the Report lays out the applicable law in detail, including the duty of good faith. (*See* Dkt. No. 149, Attachment 1 at 19-21.)

AF&T claims next to identify an example of the erroneous standard. AF&T quotes the Report as follows:

> "Ortho-McNeil management did not *intentionally* promote Topamax for off-label uses . . . ."

(Dkt. No. 151 at 3 (quoting the Report at 87) (emphasis added by AF&T).) However, the complete sentence of the Report actually reads:

4

> "The Special Committee concludes that Ortho-McNeil management did not intentionally promote Topamax for off-label uses, and *had a good faith basis* for the Topamax marketing programs."

(Dkt. No. 149, Attachment 1 at 87 (emphasis added).)  Not only has AF&T wrongly accused the Report of applying an incorrect legal standard, it has selectively quoted the Report to edit out what the Report actually found.

\* \* \*

The Report thoroughly and fairly states and applies the applicable law. AF&T's attempt to twist its disagreement with the Report's conclusions into a fundamental assertion that the Special Committee applied an incorrect legal standard is simply wrong.

## CONCLUSION

For the reasons detailed here and in J&J's prior submissions regarding the Motion (Dkt. Nos. 61, 127, 153), the Motion for Intervention should be denied.

Respectfully submitted,

*/s/ Donald A. Robinson*

| | |
|---|---|
| Walter C. Carlson | Donald A. Robinson |
| Kristen R. Seeger | Leda Dunn Wettre |
| Laura Day Rottenborn | Robinson, Wettre & Miller LLC |
| Sidley Austin LLP | One Newark Center |
| One South Dearborn | Newark, New Jersey 07102 |
| Chicago, Illinois 60603 | (973) 690-5400 |
| (312) 853-7000 | |

*Attorneys for Nominal Defendant Johnson & Johnson*

July 26, 2011

CERTIFICATE OF SERVICE

I certify that on July 26, 2011 I served the attached Johnson & Johnson's Response To The Supplemental Filing Of Abraham, Fruchter & Twersky, LLP upon all counsel of record through the Court's CM/ECF electronic filing system.

*s/Donald A. Robinson*
Donald A. Robinson
