# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

July 26, 2011

**By Electronic Filing**

Erik Haas
Partner
(212) 336-2117
ehaas@pbwt.com

The Honorable Freda L. Wolfson, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *In re Johnson & Johnson Derivative Litigation*, Civil Action No. 10-2033 (FLW)(DEA)

Dear Judge Wolfson:

      We, along with Riker, Danzig, Scherer, Hyland & Perretti LLP, represent the individual defendants in the above-captioned matter. On behalf of the individual defendants, we respectfully submit this letter in response to the July 22, 2011 supplemental submissions of Demand-Futile Plaintiffs, Plaintiff M.J. Copeland ("Copeland"), and Proposed-Intervenor counsel Abraham, Fruchter & Twersky, LLP ("AF&T") (collectively, "Plaintiffs"). These submissions, like Plaintiffs' complaints, rely on unfounded and conclusory allegations in lieu of factual assertions. They also reflect Plaintiffs' continuing strategy of using *ad hominem* attacks to compensate for the failings in their pleadings.

      After thorough investigation, the Special Committee of Johnson & Johnson's Board of Directors has issued a comprehensive report that concludes that, for numerous reasons, pursuing the instant shareholder derivative litigation is not in J&J's best interests, and recommends that the company reject the shareholder demands and seek to terminate the pending litigation. The report's recommendations were adopted by J&J's Board on July 18, 2011. In response to that decision, Plaintiffs have resorted to baseless attacks on the integrity of the Special Committee's members and its independent counsel in a failed attempt to discredit the report that, although not governing the pending motion to dismiss, affords an independent basis for dismissal of their claims. Thus, despite acknowledging that the report is "legally irrelevant" to determination of the pending motion to dismiss the Consolidated Action (D.I. 157 at 1), Demand-Futile Plaintiffs then fill fifteen pages of their supplemental submission with accusations about the Special Committee's members, its counsel, and its investigation. (*Id.* at 4-18). Copeland likewise attempts to impugn the Special Committee's integrity by repeating the same irrelevant personal attacks on its members Charles Prince and Anne Mulcahy that were included in Copeland's complaint. (D.I. 155 at 2 n.3). AF&T, while not articulating any factual basis to question the Special Committee's impartiality, states that "the independence of the members of the Board, the members of the Special Committee and its counsel" is "an issue which the Katz plaintiffs do not

4859534v.1

The Honorable Freda L. Wolfson
July 26, 2011
Page 2

concede and intend to pursue...." (D.I. 151 at 10). Plaintiffs' attempts to discredit the members of the Special Committee are factually baseless and legally deficient, and should be rejected.

First, Demand-Futile Plaintiffs, who chose to indiscriminately name as defendants in this litigation nearly every current and recent member of J&J's Board, now contend that Special Committee members are disqualified from considering a shareholder demand because they were named as defendants in the pending actions. But as the New Jersey Supreme Court has explained, "[t]he incantation that demand is excused because the directors otherwise would have to sue themselves [is a] bootstrap argument [that] has been made to and dismissed by other courts." *In re PSE&G S'holder Litig.*, 173 N.J. 258, 281 (2002) (quoting *In re Prudential Ins. Co. Litig.*, 659 A.2d 961, 972 (N.J. Ch. Div. 1995)); *id.* at 290 ("A director is not to be viewed as being 'interested' merely because he or she may have approved the challenged transaction or because a shareholder alleges that the director would be reluctant to sue a fellow corporate decision-maker."); *Kindt v. Lund*, 2003 WL 21453879, at *3 (Del. Ch. May 30, 2003) (citing *Katell v. Morgan Stanley Group, Inc.*, 1995 WL 376952, at *7 (Del. Ch. June 15, 1995)) (being named as defendant does not disqualify director from serving as committee member).[1]

Even more specious is Copeland's claim that Committee members Prince and Mulcahy are disqualified because they have been named as defendants in ***separate, unrelated*** litigation involving their service on the boards of ***other companies***. (D.I. 155 at 2 n.3). There is no allegation that any of those litigations have resulted in any adverse findings against either Mr. Prince or Ms. Mulcahy. Nor is there any allegation that any of those litigations bear any connection to this case. Nevertheless, Copeland suggests that these unrelated actions disqualify Mr. Prince and Ms. Mulcahy from fulfilling their obligations here. Copeland offers no legitimate reason why such irrelevant matters would have any bearing on this case, and her *ad hominem* attacks on the Special Committee members should be rejected.

Demand-Futile Plaintiffs also imply some impropriety in the fact that J&J and the individual defendants moved to dismiss the Consolidated Action for failure to make a demand or for a stay pending the Special Committee's investigation. (D.I. 157 at 6). This is nonsense. The pending motion is based on Demand-Futile Plaintiffs' failure to follow the procedure required by Fed. R. Civ. P. 23.1(b)(3). Plaintiffs cannot attack J&J and the individual defendants for pointing out that the Demand-Futile Plaintiffs failed to comply with the demand requirement.

Finally, Demand-Futile Plaintiffs rehash their previous accusation that the Compensation Committee's approval of compensation packages for J&J's Chairman and its General Counsel this year somehow evidences bias. (D.I. 157 at 6 n.6). As noted in J&J's reply in support of the motion to dismiss, the Compensation Committee was advised by an independent compensation

---

[1] The case cited by Demand-Futile Plaintiffs, *Booth Family Trust v. Jeffries*, 640 F.3d 134 (6th Cir. 2011), does not support their position. On the contrary, in *Booth* the Sixth Circuit expressly noted that a special committee member's "status as a named defendant does not necessarily demonstrate his lack of independence" where, as here, "he is a defendant solely because he happens to be on the Board." *Id.* at 146.

The Honorable Freda L. Wolfson
July 26, 2011
Page 3

consultant, conducted a careful review reflected in its written report in the 2011 Proxy, and in fact cut the Chairman's annual performance bonus by 45%. (D.I. 124 at 24). There is no merit to Demand-Futile Plaintiffs' accusations. *See Baca ex rel. Insight Enters., Inc. v. Crown*, 2010 WL 2812712, at *7 (D. Ariz. July 12, 2010) (holding that directors' service on Compensation Committee was not sufficient to show interest even where Committee's approval of executive compensation was directly at issue in derivative action).

For the reasons set forth in J&J's and individual defendants' moving papers, the Consolidated Action should be dismissed for failure to make a demand. Plaintiffs' unfounded attacks on the credibility of the Special Committee's members should be rejected as facially deficient and irrelevant to the pending motions before the Court.

Respectfully submitted,

PATTERSON BELKNAP WEBB
& TYLER LLP

_Erik Haas / efc_
Erik Haas

RIKER DANZIG SCHERER HYLAND
& PERRETTI LLP

_s/ Edwin F. Chociey, Jr._
Edwin F. Chociey, Jr.

cc: All counsel of record (via ECF)

4859534v.1