UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION,

Civil Action No. 10-2033 (FLW)

**ORDER**

This matter having been opened to the Court by James Shah, Esq., to de-consolidate Plaintiff M.J. Copeland ("Plaintiff Copeland"), by way of a motion for "re-designation," from the instant consolidated action; it appearing that Plaintiff Copeland filed a shareholder derivative complaint against Defendants on December 1, 2010, under Civil Action No. 10-cv-6251, after having made a demand against nominal Defendant Johnson & Johnson's ("J&J's") Board of Directors ("the Board"); it appearing that her December 1, 2010 complaint was consolidated by way of a January 19, 2011 Standing Order of this Court that all shareholder derivation actions against the Board be consolidated into one action; it appearing that, after Plaintiff Copeland filed her complaint, the Board responded to her demand request; it appearing that the Court heard oral argument on this matter on July 28, 2011; it appearing that, at oral argument, Plaintiff Copeland agreed that her complaint should be amended to reflect J&J's response to her demand; it further appearing that, since Plaintiff Copeland made a demand on the J&J Board prior to filing her complaint, her complaint stands in a different posture than that of the other plaintiffs in the instant action who did not make demand and who, therefore, must satisfy New Jersey's demand futility doctrine in order to avoid dismissal of their complaint, see In re PSE&G Shareholder Litig., 173 N.J. 258 (2002) (discussing demand futility doctrine); it further appearing that the Court considered the moving, opposition, reply, and supplemental briefs filed by the parties; accordingly, for the reasons set forth herein; and for good cause shown;

**IT IS** on this 29th day of July, 2011,

**ORDERED** that Plaintiff Copeland's motion for re-designation (No. 107) is GRANTED; and it is further

**ORDERED** Plaintiff Copeland's original complaint in Civil Action No. 10-6251 is DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff Copeland is granted leave to file a new complaint, that addresses the Board's response to her demand, in a separate action within 30 days of the date of this Order.

      /s/ Freda L. Wolfson
      Fred L. Wolfson, U.S.D.J.