UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 16 2012
AT 8:30_____
WILLIAM T. WALSH —M
CLERK

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, ET AL. | Civil Action No. 11-4993 (FLW) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, DIRECTING THE ISSUANCE OF NOTICE, AND SETTING A FINAL SETTLEMENT HEARING

WHEREAS, on July 11, 2012, the parties to the above-entitled action entered into a Stipulation and Agreement of Settlement (the "Stipulation") that is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure and that, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this action (the "Settlement"); and the Court having reviewed and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this order;

IT IS THEREFORE ORDERED as follows:

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the hearing described below, and preliminarily finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate and that, for purposes of the Settlement, Plaintiffs and Plaintiffs' Counsel fairly and adequately represent

1

the interests of similarly situated shareholders of Johnson & Johnson ("J&J"). All capitalized terms used in this order have the meanings defined in the Stipulation unless otherwise defined herein.

2. A hearing shall be held before this Court on September 28, 2012 at 10 a.m./p.m. (the "Settlement Hearing") in Courtroom 5E of the U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, for purposes of considering:

    a. whether the proposed Settlement of the Derivative Actions, on the terms and conditions set forth in the Stipulation, should receive final approval by the Court as fair, reasonable, and adequate, and in the best interests of J&J and J&J Shareholders;

    b. any objections to the proposed Settlement;

    c. whether the Court should enter the proposed Final Order and Judgment;

    d. in the event the Settlement receives final approval as requested, to consider any application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses; and

    e. such other matters as may be necessary or proper.

3. The Settlement Hearing may be continued or rescheduled without further notice to J&J shareholders. The Court further reserves the right to consider any modifications of the Settlement agreed to by Plaintiffs and Defendants without providing further written notice to J&J shareholders.

4. The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Derivative Actions, Final Settlement Hearing, and Right to Appear (the

"Notice") attached as Exhibit D to the Stipulation. The Court approves the form, substance and requirements of the Summary Notice of Proposed Settlement of Derivative Actions, Final Settlement Hearing, and Right to Appear (the "Summary Notice") attached as Exhibit E to the Stipulation.

5. The proposed Notice shall be sent by first class U.S. mail to all J&J shareholders that are of record as of the date the Stipulation was executed, which mailing is to be made by J&J or its appointed agent no later than five (5) business days following the date of this Order. Furthermore, J&J shall use reasonable efforts to give notice to beneficial owners of J&J common stock by: (a) providing additional copies of the Notice to any record holder requesting the Notice for purposes of distribution to such beneficial owners; (b) posting on J&J's corporate website copies of the Stipulation, Exhibits A and B and the Notice no later than five (5) business days following the date of this Order; (c) filing a Form 8-K with the Securities and Exchange Commission regarding the proposed Settlement, which shall include as attachments a copy of the Notice, the Stipulation, and Exhibits A and B no later than five (5) business days following the date of this Order; and (d) publishing the Summary Notice once each in the national edition of *The Wall Street Journal* and *USA Today* and over *PR Newswire* no later than ten (10) days following the date of this Order. At or prior to the Settlement Hearing, J&J shall file with the Court an affidavit indicating compliance with the requirements of this paragraph.

6. The Court hereby finds that the notice procedures described in paragraphs 4 and 5 above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and shall constitute due and sufficient notice to J&J shareholders of the proposed Settlement and matters to be considered at the Settlement Hearing.

7. No later than Aug. 31, 2012, Plaintiffs' Counsel shall move for final approval of the Settlement and may petition for award of attorneys' fees and reimbursement of expenses.

8. The Court will consider written objections to the proposed Settlement or the application for attorneys' fees and reimbursement of expenses at the Settlement Hearing, but only if such objections, and any supporting papers, are mailed to the Clerk of the Court, and to each of the following persons, TO BE RECEIVED NOT LATER THAN Sept. 14, 2012:

Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
Attn: James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068

Kantrowitz, Goldhamer & Graifman, PC
Attn: Gary Graifman
210 Summit Avenue
Montvale, NJ 07645

Patterson Belknap Webb & Tyler
Attn: Erik Haas
1133 Avenue of the Americas
New York, NY 10036

Sidley Austin LLP
Attn: Kristen R. Seeger
One South Dearborn Street
Chicago, IL 60603

Written objections must provide a detailed signed statement of the objector's specific objections, and must include all documents such person wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, the number of shares of J&J common stock currently owned, and the most recently available account statement evidencing such ownership.

9. Any shareholder of J&J may appear at the Settlement Hearing, in person or through counsel of his or her choice, to object and show cause why (i) the Settlement as set forth in the Stipulation should not be approved, (ii) the proposed Final Order and Judgment should not be entered, or (iii) Plaintiffs' Counsel should not be awarded attorneys' fees and reimbursement of expenses in the amounts sought by Plaintiffs' Counsel; provided, however, that no person shall be entitled to appear or be heard, or be entitled to object to or otherwise contest any of the matters to be considered at the Settlement Hearing, unless such person has, TO BE RECEIVED no later than September 14, 2012: (i) filed with the Clerk of the Court, and (ii) served by hand, by first class U.S. mail, postage prepaid, or by reputable express carrier on each of the counsel listed in paragraph 8 above the following materials: (i) a notice of intention to appear at the Settlement Hearing; (ii) a statement specifying that person's name, address, telephone number, the number of shares of J&J common stock currently owned, and the most recently available brokerage account statement evidencing such ownership; (iii) the name(s) of any attorney that will appear on the person's behalf, and (iv) a statement of such person's position with respect to the Settlement providing all supporting bases and reasons for the objection, including the identification of all witnesses, documents or other evidence that are to be presented at the Settlement Hearing in connection with the objection and a summary of the substance of the testimony to be given by any such witnesses.

10. Any J&J shareholder who does not timely file and serve an objection in the manner provided in paragraphs 8 and/or 9 of this Order shall be deemed to have waived any objection such person might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of the Derivative Actions, the Stipulation or any provision thereof, the Final Order and Judgment, the application and award of attorneys' fees and reimbursement of expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

11. The Parties shall submit their papers in response to any objections to the Settlement by no later than September 21, 2012.

12. Pending final determination of whether the proposed Settlement should be approved or further order of this Court, J&J, Plaintiffs and any other J&J shareholder are enjoined from commencing, instituting, or prosecuting any of the Released Plaintiff Claims against the Released Defendant Parties, and Defendants and each of the other Released Defendant Parties are enjoined from commencing, instituting or prosecuting any of the Released Defendant Claims against the Released Plaintiff Parties. The Court further stays all proceedings in the Derivative Actions, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation, and vacates, cancels or revokes all previously scheduled litigation deadlines or dates pertaining to the Derivative Actions.

13. Regardless whether or not the Settlement is approved and the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Derivative Actions, any signatory to the

Stipulation, or any Released Plaintiff Party or Released Defendant Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Derivative Actions, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Defendant or other Released Defendant Party or by any Released Plaintiff Party in order to prevent or terminate institution, commencement or prosecution of any action which asserts Released Claims against any of the Released Defendant Parties or Released Plaintiff Parties.

14. In the event that a termination and cancellation of the Settlement occurs pursuant to Sections 6.1-6.3 of the Stipulation, (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

Dated: July 16, 2012

_____
Judge Freda L. Wolfson