# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, ET AL. | Civil Action No. 11-4993 (FLW) <br><br> Judge Freda L. Wolfson <br> Date: September 28, 2012 <br> Time: 10:00 a.m. <br> Courtroom: 5E |

## DECLARATION OF THEODORE H. FRANK
## IN SUPPORT OF OBJECTION OF MARK G. PETRI AND
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Theodore H. Frank
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone: (703) 203-3848
Email: tedfrank@gmail.com

David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dnieporent@samuelandstein.com

Attorneys for Intervenor/Objector Petri

DECLARATION OF THEODORE H. FRANK

Theodore H. Frank declares as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the attorney for Mark G. Petri in this matter. I am the founder of the non-profit Center for Class Action Fairness. The goal of the Center is to protect class members in the class action and derivative settlement process from the abuse of the class action and derivative settlement system. I am an elected member of the American Law Institute.

3. The Center does not object indiscriminately. It evaluates many more settlements than it objects to, and regularly rejects inquiries where it does not feel it has a good chance of establishing precedent generally useful to class members in future litigation. Because of this, it has an excellent track record, winning millions of dollars for class members and shareholders, having many more successful than ultimately unsuccessful objections including *Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, et al., --F.3d--, 2012 U.S. App. LEXIS 11927 (7th Cir. June 13, 2012); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011); and *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011).

4. The Objection of Mark G. Petri and Memorandum in Support of Motion to Dismiss references several exhibits that were obtained from the Internet.

5. Exhibit A to this declaration is a true and correct copy of the web page titled Our Credo Values from the web address http://www.jnj.com/connect/about-jnj/jnj-credo/, as displayed by the browser as it appeared on August 27, 2012.

6. Exhibit B to this declaration is a true and correct copy of the PDF file titled Our Credo with the web address www.jnj.com/connect/pdf/company-pdf/our-credo.pdf, as displayed by the browser as it appeared on August 27, 2012.

7. Exhibit C to this declaration is a true and correct copy of the PDF file titled Regulatory, Compliance & Government Affairs Committee Charter with the web address http://files.shareholder.com/downloads/JNJ/2023801405x0x568741/9f6fcac4-f19a-41e4-b20d-9a7ded793f56/JNJ_WebDoc_10722.pdf, as displayed by the web browser as it appeared on August 27, 2012. The PDF file was obtained from a link on the web page titled Regulatory, Compliance & Government Affairs Committee Charter from the web address http://www.investor.jnj.com/documentdisplay.cfm?DocumentID=10722, as displayed by the web browser as it appeared on August 27, 2012.

8. Exhibit D to this declaration is a true and correct copy of the PDF file titled Compensation & Benefits Committee Charter with the web address http://files.shareholder.com/downloads/JNJ/2023801405x0x151525/775d7b3f-57e1-4a9b-90ae-4a8f69fb0b6e/JNJ_WebDoc_1264.pdf, as displayed by the web browser as it appeared on August 27, 2012. The PDF file was obtained from a link on the web page titled Compensation & Benefits Committee Charter from the web address http://www.investor.jnj.com/documentdisplay.cfm?DocumentID=1264, as displayed by the web browser as it appeared on August 27, 2012.

9. Exhibit E to this declaration is a true and correct copy of the PDF file titled Johnson & Johnson Form 8-K filed 07/20/12 with the web address http://files.shareholder.com/downloads/JNJ/2023801405x0xS200406-12-115/200406/filing.pdf, as displayed by the web browser as it appeared on August 27, 2012. The PDF file was obtained from a link on the web page titled SEC Filings from the web address http://www.investor.jnj.com/sec.cfm, as displayed by the web browser as it appeared on August 27, 2012.

10. The Petri Objection and Memorandum in Support of Motion to Dismiss contains a graph of historical stock quote information, a true and correct copy of which appears as follows:



This chart was generated on www.nasdaq.com on the web page titled JNJ Interactive Stock Chart with the web address http://www.nasdaq.com/symbol/jnj/interactive-chart. The blue line (at the bottom) represents changes in the JNJ stock price from

July 19, 2012 to July 25, 2012. The red line (at the top) represents changes in the Dow Jones Industrial Average for that same period.

11. The interactive web page titled JNJ Historical Stock Prices with the web address http://www.nasdaq.com/symbol/jnj/historical reflect a $69.35 per share opening price on July 19, 2012 and a $67.35 per share closing price on July 24, 2012.

12. It is my understanding that many plaintiffs' attorneys subscribe to a service to share information about objectors and plan how to attack them in court filings. Thus, I frequently see the same false attacks on me in my cases. Because I might not have an opportunity to respond to these false attacks, I preempt some of the most common ones.

13. In my experience, plaintiffs' attorneys seeking to defend abusive class action settlements frequently accuse me of being a "professional objector" and then seek to group me with precedent criticizing "professional objectors" who bring bad-faith objections solely to extract extortionate settlements from class counsel. But this is not the business model of the Center for Class Action Fairness, which relies entirely on charitable donations and court-awarded attorneys' fees. The Center has never agreed to a *quid pro quo* settlement of an objection, and asks its clients to confirm that they are objecting for the benefit of the class as a whole rather than for personal profit before agreeing to represent them. But if the Court has any doubt of the good faith of this objection, I am willing to stipulate to an injunction forbidding me from withdrawing this objection or any appeal of this objection without court approval.

14. In my experience, plaintiffs' attorneys seeking to defend abusive class action settlements frequently seek to discredit me by falsely accusing me and the Center of seeking to abolish all class actions. This simply is not so. While I have been a critic of abusive class actions and lawsuits, I have regularly publicly defended the class action process as an appropriate tool for aggregating litigation in the right circumstances. Though I oppose abusive class actions designed to benefit the attorneys at the expense of their putative clients, this no more means that I wish to abolish all class actions than an opponent of junk food seeks to abolish all food.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2012, in Fairfax, Virginia.

_____
Theodore H. Frank

## CERTIFICATE OF SERVICE

      The undersigned certifies he caused to be served via FedEx overnight shipment a copy of this Declaration upon the following:

Clerk of Court
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Carella, Byrne, Cecchi, Olstein,
Brody & Agnello, P.C.
Attn: James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068

Kantrowitz, Goldhamer &
Graifman, P.C.
Attn: Gary Graifman
210 Summit Avenue
Montvale, NJ 07645

Patterson Belknap Webb & Tyler
Attn: Erik Haas
1133 Avenue of the Americas
New York, NY 10036

Sidley Austin LLP
Attn: Kristen R. Seeger
One South Dearborn Street
Chicago, IL 60603

I declare under penalty of perjury that the foregoing is true and correct.

_David M. Nieporent_
SIGNATURE

<u>August 31, 2012</u>
DATE