CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
2012 SEP 20  AM 10 04

GERALD WALPIN
875 PARK AVENUE
NEW YORK, NY 10075
212-288-5324
September 17, 2012

Clerk Of The Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Dear Sir or Madam:
    Re: In Re Johnson & Johnson Derivative Litigation
        And two related litigations –
           Civil Actions Nos. 10-2033; 11-2511; 11-4993
           All FLW

    I first received notice in the mail TODAY, September 17, 2012, of the "Proposed Settlement" etc., despite the fact that the Notice mandates that any objection that I have "must be received no later than September 14, 2012 by the Clerk Of The Court, Plaintiff's Counsel, and Defendants' Counsel" – an obvious impossibility, given that the Notice was only received today. I do not know how many other holders of Johnson & Johnson ("J&J") stock have been similarly supposedly technically disqualified from filing an objection. However, I am writing now on the assumption that my objection will be considered by this Court in view of the above chronology.

    I enclose documentation, of an excerpted copy of my holdings, reflecting my continued ownership of 300 shares of J&J stock.

    I have no objection to settling the lawsuits on the terms indicated. Indeed, as I read the terms of the settlement, it involves nothing but window dressing that does not, in any substance, protect the company or benefit its shareholders. Thus, it will end the litigations, and thereby end the wasteful drain on J&J finances from continuing litigation expenses. The absence of any merit to the lawsuit is further indicated by the fact that plaintiffs' counsel apparently did not feel that their cases

1

would benefit from depositions – a common tool when merit exists to be proven by oral testimony. Here, aside from the boilerplate language of unspecified "significant investigation and analysis," only "review of internal documents produced by" J&J was performed by Plaintiffs' counsel.

Given this record – which I assume is the best possible record that Plaintiffs' counsel could make -- I strenuously object to legal fees being paid to plaintiffs' counsel in, or any where near, the amount of $10,000,000 plus $450,000 in expenses, as requested. These meritless derivative actions, and class actions, are in reality court-approved larceny from shareholders, because they regularly end in a heads-we-win or tails-you-lose result, insofar as Plaintiffs' counsel are concerned. Plaintiffs' counsel jump in at the slightest bit of news that suggests the *possibility* of a cause of action. If merit can be found, they then have a cause of action that rightfully entitles them to a meaningful fee award. If, however no merit is found, they know that the defendant corporation will likely agree to avoid the burden of litigation by settling for the type of window dressing as involved here – of no benefit to stockholders – with agreement that defendants will not oppose the legal fee that Plaintiffs' counsel requests.

Thus, the award of legal fees is left to the Court, to whom I am addressing this objection. If Your Honor simply accepts this arrangement and approves the legal fee request, it will, most respectfully, simply authorize legal larceny from shareholders in this case. Yes, it will end this lawsuit and reduce the Court's docket. But, as a long respecter of the Federal Bench, I would prefer to look to Your Honor to protect shareholders from what lawyers find to be an expedient way of ending a litigation. An approval here of any material amount of fees can only further establish that plaintiff-lawyers should keep bringing meritless cases, knowing that they incur no meaningful risk, as a settlement with no material award for their client will still result in a substantial legal fee.

I therefore ask Your Honor to send a serious and needed message to the Plaintiffs' bar that they should not commence a lawsuit merely on

the possibility of merit or they may not be compensated for the time they spend, when no merit is, in fact, discovered.

Respectfully yours,

Gerald Walpin

Cc: Carella, Byrne, Cecchi, Olstein,
    Brody & Agnello, P.C.
 Kantrowitz, Goldhamer &
    Graifman, P.C.
 Patterson Belknap Webb & Tyler
 Sidley Austin LLP

Investment Report: August 1, 2012 - August 31, 2012

GERALD WALPIN
875 PARK AVE
NEW YORK NY 10075-0341

**ROLLOVER IRA (108682063)**

**Holdings** as of August 31, 2012

Show Current Positions

**Stocks**

| Symbol | Description | Quantity | Price | Beginning Value | Ending Value | Cost |
|---|---|---|---|---|---|---|
| JNJ | JOHNSON & JOHNSON | 300.000 | $67.430 | $20,766.00 | $20,229.00 | $18,022.68 |

Mr Gerald Walpin
875 Park Ave
New York, NY 10075-0341

NEW YORK NY 100
18 SEP 2012 PM 7 L

Clerk of the Court
Clarkson S. Fisher Bldg + U.S. Courthouse
402 East State Street
Trenton NJ 08608