## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, *et al.* | Civil Action No. 11-4993 (FLW) |

-------------------------------------------------------------------------------------------------------------

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## MOTION TO INTERVENE

-------------------------------------------------------------------------------------------------------------

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
 OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
*Attorneys for Demand Futile Plaintiffs*

Gary Graifman
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
210 Summit Avenue
Montvale, New Jersey 07645
(201) 391-7000
*Attorneys for Demand Refused Plaintiffs*

Plaintiffs respectfully submit this brief in opposition to the motion to intervene of Mark Petri. Plaintiffs do not oppose Mr. Petri's right to object to the terms of the Settlement and address the substance of his objection in Plaintiffs' brief responding to objections and in further support of settlement, filed concurrently with this brief. Mr. Petri's rights in this shareholder derivative action are adequately protected by his right to object to the settlement and intervention is unnecessary. Moreover, Mr. Petri does not meet the requirements of Fed. R. Civ. P. 24 for becoming a party to the litigation. Intervention should be denied.

### A. Standards Applicable to Intervention

A litigant seeking intervention as of right under Rule 24(a)(2) must establish: 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).

### 1. Petri is Fully Protected by his Right to Object to the Settlement

Mr. Petri's right to object to the Settlement does not require intervention in the Action, nor is intervention necessary to preserve Mr. Petri's appellate rights in connection with the Settlement of this Action. *See Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1310 (3d Cir. 1993) (finding standing to appeal where the objector "attended the settlement hearing and voiced before the district court the same objections he now raises before us on appeal"). Because intervention is not necessary to protect these rights, intervention as of right is unavailable for this purpose. *Liberty Mutual* 419 F.3d at 220. *See, e.g., In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Sec.*, 2012 WL 1674299 at *1-3 (S.D.N.Y. May 14, 2012)(denying intervention in derivative action settlement as unnecessary for objectors right to appeal).

1

### 2.  Petri's Claimed Interest in Dismissal Does Not Support Intervention as of Right

To the extent that Petri seeks to intervene for the purpose of seeking dismissal of the Derivative Litigation, he lacks a legally sufficient interest to support intervention as of right. Petri must prove an interest "relating to the property or transaction which is the subject of the action." *Liberty Mutual*, 419 F.3d at 221.  A mere "economic interest in the outcome of litigation is insufficient to support a motion to intervene." *Liberty Mutual*, 419 F.3d at 221.  The Third Circuit has held that "the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote."  *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 972 (3d Cir.1998).

Mr. Petri argues that the Court should nevertheless allow him to intervene in this Action because he is a J&J shareholder with an interest in this Action.  *See* Brief in Support of Motion to Intervene, pp. 4-5 (citing *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005)).  Mr. Petri's argument misapprehends the law.  Unlike *Community Bank* this is a derivative action on behalf of J&J – not a class action on behalf of J&J's individual shareholders like Mr. Petri.  Mr. Petri does not have individual claims in this Action, and his indirect economic interest in J&J's claims  is  legally insufficient to support intervention.  *See Felzen v. Andreas*, 134 F.3d 873, 875-876 (7th Cir. 1998)(in derivative actions, the claims belong not to the shareholders but to the corporation, and concluding that as between class members in class actions and shareholders in derivative actions, "shareholders have the weaker claim."); *Gould v. Alleco, Inc.,* 883 F.2d 281, 285 (4th Cir. 1989)("[E]very company's stockholders, bondholders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of "interest" required for Rule 24(a) intervention.").

The law is clear that Mr. Petri cannot intervene for the limited purpose of seeking dismissal of this Action. *See Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *6 (D.N.J. 2011) (proposed intervenor's sole interest "in dismissal or transfer of this action is not a sufficient interest in the litigation for purposes of Rule 24(a)(2)"); *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *6 (D.N.J. 2011) (proposed intervenor's "interest in solely having this action dismissed or transferred pursuant to the first-to-file rule is insufficient to satisfy the second prong of 24(a)(2)").

Even if Mr. Petri had a legally sufficient interest in J&J's claims to support intervention, he has not shown that J&J does not adequately represent that interest.  He has not shown that he has made a demand on the Board (or that such demand was excused) in demanding dismissal of J&J's claims in this action, as required under Rule 23.1.  *See Pharmaceutical Research and Mfrs. of America v. Commissioner, Dept. of Human Services,* 201 F.R.D. 12, 13-15 and fn. 3 (D.Me. 2001).  Indeed, there is nothing in the record to suggest that the Board's decision to settle was not disinterested and independent, *In re PSE&G Shareholder Litigation*, 173 N.J. 258, 289 (2003), was not made in good faith and with due care in investigating the merits of the litigation, *id*. at 291, or that the decision was unreasonable.  *Id.* at 294.  Mr. Petri has offered no support for his purported right to usurp the Board's decision to settle this Action.

Mr. Petri's cited case does not hold differently.  Contrary to Mr. Petri's argument, the Seventh Circuit did not hold in *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012), that an objecting shareholder intervene in a derivative action for the purpose of filing a motion to dismiss.  Instead, the court held that the District Court erred in denying an objecting shareholders' motion to intervene *to perfect his right to appeal*, because intervention is required

under Seventh Circuit law to preserve the right to appeal.  *See Booth Trust*, 687 F.3d at 318.  As noted above, this is not the law in this Circuit.

**B.     Mr. Petri is Not Entitled to Permissive Intervention**

Permissive intervention is left to the sound discretion of the Court.  Wright, Miller & Kane, Federal Practice and Procedure:  Civil 3d § 1913, at 476-77.  In exercising that discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  *See Worthington*, 2011 WL 63003999, at *8;  *Glover*, 2011 WL 5007805, at *7.  If "intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention."  *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).  Mr. Petri's motion to permissively intervene should be denied for the same reasons supporting denial his motion to intervene as of right.  In short, Mr. Petri's rights to object and appeal do not require intervention, and Johnson & Johnson's interests are already being adequately represented by the Company's own attorneys and its Board of Directors.  Permissive intervention would add nothing except added complexity.  *See, e.g., In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. at 263–64 (denying permissive intervention as unnecessary under Third Circuit law, holding that it "would serve no purpose except to potentially delay implementation of the settlement agreement")

**C.     Petri''s Motion to Intervene Should be Denied for Failure to Comply with Rule 24(c)**

Rule 24(c) provides that a motion to intervene "must be . . . accompanied by a pleading that sets out the claim or defense for which intervention is sought."  The proposed pleading must set forth a meritorious claim or defense.  Wright, Miller & Kane, Federal Practice and Procedure:  Civil 3d § 1914, at 523-25.  Mr. Petri's proposed pleading fails to satisfy the requirements of Rule 24(c) because it does not set forth either a meritorious claim or defense.  *See Disability*

4

*Rights New Jersey Inc. v. Velez*, 2011 WL 4436550, at *5 (D.N.J. 2011) (affirmative defenses are subject to the pleading rules of Fed.R.Civ.P. 8(a)).  Mr. Petri's proposed pleading does not set forth any affirmative claim, nor does it set forth any defense to the claims in any of Plaintiffs' complaints.  Rather, the proposed pleading is directed only at the settlement itself, and even the allegation directed toward the settlement is nothing more than a "the parties harmed me" accusation.[1]  *See Ashcroft v. Iqbal*, 566 U.S 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

<u>CONCLUSION</u>

For the reasons set forth above, Petri's motion to intervene should be denied.

> CARELLA, BYRNE, CECCHI,
> OLSTEIN, BRODY & AGNELLO Co-
> Lead Counsel for Demand Futile Plaintiffs

> By:_____ */s/James E. Cecchi*_____
> JAMES E. CECCHI

> KANTROWITZ, GOLDHAMER &
> GRAIFMAN, P.C.
> Liaison Counsel for Demand Refused Plaintiffs

> By:_____ */s/ Gary S. Graifman*_____
> 
> GARY S. GRAIFMAN

Dated: September 21, 2012

---

[1]     In a single paragraph, Petri alleges:

12.     As demonstrated in Petri's objection filed contemporaneously with this pleading, the derivative shareholder plaintiffs have brought litigation that adversely affects the corporation and have negotiated and agreed to a self-serving settlement that provides no benefit for shareholders while proposing to award $10.45 million to plaintiffs' counsel at the expense of shareholders.

Mark Lebovitch
Jeroen van Kwawegen
Jeremy Friedman
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

Karen L. Morris
Patrick F. Morris
R. Michael Lindsey
MORRIS AND MORRIS LLC
COUNSELORS AT LAW
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807
(302) 426-0400

Darren J. Robbins
Travis E. Downs III
David W. Mitchell
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058
*Attorneys for Demand Futile Plaintiffs*

Jeffrey S. Abraham
ABRAHAM, FRUCHTER &
TWERSKY, LLP.
One Penn Plaza, Suite 2805
New York, NY 10119
(212) 279-5050
*Attorneys for Demand Refused Plaintiffs*