# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
**(609) 989-2182**

CHAMBERS OF
**FREDA L. WOLFSON**
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

James E. Cecchi
Carella Byrne Cecchi Olstein Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
VIA ECF

All Counsel

LETTER ORDER

October 9, 2012

**RE:   In re Johnson & Johnson Derivative Litigation,**
       **Civil Action Nos. 10-2033 (FLW), 11-4993 (FLW), 11-2511 (FLW)**

Dear Litigants:

Upon review of Plaintiffs' attorney fee submissions, the Court hereby requests that Plaintiffs' counsel supplement the evidentiary record in the manner set forth below.

For purposes of the lodestar cross-check, the Court must determine whether counsel's proposed hourly rates are reasonable. As you are aware, in evaluating the reasonableness of the hourly rates asserted by Plaintiff, the relevant inquiry is the prevailing rate for comparable legal services in the forum of litigation. See Interfaith Cmty. Org. v. Honeywell Int'l., Inc., 426 F.3d 694, 705 (3d Cir. 2005). In this connection,

> Plaintiff bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." A reasonable rate is determined by "assess[ing] the experience and skill of the prevailing party's attorneys and

>       compar[ing] the rates to the rates prevailing in the community for
>       similar services by lawyers of reasonably comparable skill,
>       experience and reputation." The Court has broad discretion to
>       determine an appropriate hourly rate.

Holzhauer v. Hayt, Hayt & Landau, LLC, Civil Action No. 11–2336 (FLW), 2012 WL 3286059, *1 (D.N.J. Aug. 10, 2012) (internal citations omitted). In support of the fee application, counsel have submitted their own declarations along with a copy of the National Law Journal Billing Survey of New Jersey firms ("NLJ Survey").

Notably absent from counsels' submissions is a declaration by a New Jersey practitioner stating that the hourly rates charged by counsel are commensurate with the prevailing New Jersey rates for similar services by lawyers of reasonably comparable skill, experience and reputation.[1] Furthermore, with respect to counsels' reliance on the NLJ Survey, the Third Circuit has suggested that the NLJ Survey "provides little support" for an hourly rate finding when "standing alone," and that it is better used to "bolster" other evidence in the record. Interfaith, 426 F.3d at 703 n. 5. Accordingly, the Court requests that counsel submit a declaration from a New Jersey practitioner assessing the experience and skill of counsel, and comparing their proposed rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. This declaration should be submitted no later than Monday, October 15, 2012.

In addition to determining the reasonableness of the hourly rate, the Court must also ascertain whether the time spent by all counsel is reasonable. See id. at 711. To aid the Court in making this determination, please provide the following additional evidence:

1.  with regard to category 3 (motion practice): declarations from counsel separately identifying (i) each motion, (ii) the counsel who worked on that motion, and (iii) the number of hours spent by each attorney on that motion; and

2.  with regard to category 6 (settlement negotiation process and documentation): declarations from counsel specifying (i) the date of each settlement meeting, (ii) whether such meeting was in-person or telephonic, and (iii) for in-person meetings, who attended each meeting.

---

[1] "It is the general rule that a reasonable hourly rate is calculated according to the prevailing market rates in the community." S.D. v. Manville Bd. of Educ., 989 F.Supp. 649, 656 (D.N.J.1998). "This burden is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates and charged by attorneys with similar skill and experience." Id. See also Wade v. Colaner, Civil Action No. 06-3715 (FLW), 2010 WL 5479625, *4 (D.N.J. Dec 28, 2010).

These additional submissions should be e-filed no later than Friday, October 12, 2012, at 10 a.m.

                    Very truly yours,

                    s/ Freda L. Wolfson
                    FREDA L. WOLFSON
                    United States District Judge