James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
*Attorneys for Demand Futility Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, *et al.* | Civil Action No. 11-4993 (FLW) |

### DECLARATION OF JAMES E. CECCHI

JAMES E. CECCHI, of full age, hereby declare as follows:

1. I am an attorney licensed to practice in New Jersey and am a member of the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"). I submit this declaration in response to this Court's Letter Order entered on October 9, 2012 (the "Letter Order," ECF No. 218) and in further support of Plaintiffs' Motion for Final Approval of Derivative Litigation Settlement and Award of Attorney's Fees and Reimbursement of Expenses. I am fully familiar with the facts contained herein based upon my personal knowledge.

2. On August 31, 2012, I submitted the Declaration of James E. Cecchi (ECF No. 192-4) which included as Exhibit 1 a Lodestar Category Breakdown chart for my firm (the "Chart").

3.     On October 9, 2012, the Court requested further detail pertaining to Carella, Byrne's time with respect to motion practice (Category 3) and with respect to Category 6, Settlement Negotiation and Documentation. The following chart responds to the Court's inquiry regarding Category 3:

| Motion | Counsel Who Worked on Motion | Hours |
|---|---|---|
| Motion to Consolidate, Appoint Lead Plaintiffs and Appoint Lead Counsel filed on June 25, 2010 | James E. Cecchi<br><br>Lindsey H. Taylor<br><br>David G. Gilfillan | 4<br><br>2.0<br><br>6.6 |
| Second Motion to Consolidate, Appoint Lead Plaintiffs and Appoint Lead Counsel filed on July 2, 2010 | Lindsey H. Taylor | 0.5 |
| Opposition to Motion to Consolidate filed on July 19, 2010 | Lindsey H. Taylor | 1.5 |
| Opposition to Motion to Intervene filed on August 9, 2010 | James E. Cecchi<br><br>David G. Gilfillan | 2.5<br><br>4.8 |
| Opposition to Second Motion to Intervene filed on May 3, 2011 | James E. Cecchi<br><br>Donald A. Ecklund<br><br>Audra E. Petrolle | 2.5<br><br>7<br><br>14.0 |
| Opposition to Motion to Dismiss filed on March 21, 2011 | James E. Cecchi<br><br>Lindsey H. Taylor<br><br>Donald A. Ecklund<br><br>Audra E. Petrolle | 38<br><br>20.5<br><br>10<br><br>21 |
| Motion to Dismiss Surreply Brief | James E. Cecchi<br><br>Lindsey H. Taylor | 2<br><br>1 |
| Prepare for and Attend Oral Argument for Motion to Dismiss | James E. Cecchi | 19 |

| Motion | Counsel Who Worked on Motion | Hours |
|---|---|---|
|  | Donald A. Ecklund | 8 |
| Motions for *Pro Hac Vice* Admission | Lindsey H. Taylor | 1.5 |
| **TOTAL HOURS** |  | **166.40** |

4. In accordance with the Letter Order, I provide the following information as directed by the Court regarding Category 6 of the Chart: (i) the date of each settlement meeting, (ii) whether such meeting was in-person or telephonic, and (iii) for in-person meetings, who from my firm attended such meetings. In addition, attorneys at my firm performed significant other work in connection with and in support of the settlement negotiations, which is also reflected under Category 6 of the Chart. I therefore also provide a brief description of the scope and nature of that additional work.

5. I attended six in-person settlement meetings between August 17, 2011 and February 16, 2012. The meetings occurred in New York City on August 17, 2011, November 22, 2011, December 2, 2011, December 9, 2011, and January 18, 2012. The meeting on February 16, 2012 occurred in Newark, New Jersey. Ms. Petrolle from my firm also attended the February 16, 2012 meeting.

6. Between August 2010 and June 2012, I had dozens of telephone conversations relating to the possibility of settlement, settlement process and settlement strategy, both between co-counsel and myself, and between representatives of defendants and myself. The first telephone meeting occurred in August 2010. However, this initial feeler did not gain traction.

7. In August 2011, conversations began again in earnest when I had a conversation with defense counsel about the possibility of arranging a meeting between counsel. The telephone settlement meetings with defense counsel that I participated in after August 2011 occurred on September 7, 2011, October 25, 2011, November 15, 2011, November 22, 2011,

3

January 5, 2012, April 17, 2012, May 31, 2012, June 1, 2012, June 7, 2012, June 8, 2012, June 11, 2012 and June 18, 2012.

    8.    Attorneys at my firm performed numerous other tasks coded to Category 6. These tasks include: (1) acting as the principal liaison between counsel in the Demand Futility and Demand Refused Actions to insure efficient coordination and agreement between the two actions throughout the settlement process; (2) preparation in advance of the settlement meetings and telephonic conferences; (3) review and analysis of defendants' proposals and formulation and development of plaintiffs' counter-proposals; (4) acting as principal liaison between defendants' counsel and Demand Futility Counsel in all communications with the Court regarding the status of negotiations; and (5) review and analysis of the provisions of the Stipulation of Settlement, Exhibit A "Governance Reforms" and Exhibit B "Governance Enhancements and Changes".

    I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
JAMES E. CECCHI

Dated: October 11, 2012

488637