UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, *et al.* | Civil Action No. 11-4993 (FLW) |

**SUPPLEMENTAL DECLARATION OF GARY S. GRAIFMAN PROVIDING INFORMATION REQUESTED IN COURT'S OCTOBER 9, 2012 LETTER ORDER**

I, GARY S. GRAIFMAN, hereby declares:

1. I am a partner in the firm of KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. ("KGG" hereinafter). I submit this Declaration in further support of the application for an award of attorneys' fees concerning the firm's services rendered in the course of the litigation of the Derivative Actions (as defined in the Stipulation of Settlement, executed on July 11, 2012) on behalf of Nominal Defendant Johnson & Johnson ("JNJ"). In particular, this Declaration is submitted in response to the request of the Court to identify with regard to the legal work performed concerning motion practice, the identification of (i) each motion, (ii) counsel who worked on the motion and (iii) the number of hours spent by each attorney on that motion. In addition, the Court has requested with regard to the settlement negotiation process and documentation thereof, information specifying the date of each settlement discussion, whether that meeting was in-person or telephonic and, for in-person meetings, who attended each meeting.

1

2.  With regard to the first category of information requested, the firm engaged in the legal work on the following motions. The descriptions below provide the description of the motion, the attorney who worked on the motion and the time devoted to the motion:

(a) Demand Refused Plaintiffs' Motion to Intervene and Appoint Abraham, Fruchter & Twersky, LLP ("AFT") and KGG, Lead Counsel and Liaison Counsel (Dkt. No. 42-44): Counsel engaged in legal research, reviewing and revising the Intervention Notice of Motion, Declaration in Support; counsel wrote and revised portions of the Brief in Support of the Motion (Dkt. No. 43). In addition, counsel reviewed and analyzed the briefs filed in Opposition to Demand Refused Plaintiffs' Motion to Intervene, including the briefs filed by Jean M. Calamore (Dkt No. 59), Carpenter's Pension Fund of West Virginia (Dkt No. 60), and the Hawaii Laborer's Pension Fund (Dkt. No. 62), and JNJ (Dkt. No. 61) together with declaration submitted therewith. Counsel engaged in legal research and drafting portions of the Reply to the Opposition to the Motion to Intervene and Appoint AFT and KGG as counsel of the Demand Refused Action. The purpose of this motion, *inter alia*, was to apprise the Court of the existence of the demand refused actions, demand refused plaintiffs' belief that making a demand represented a superior method of proceeding with the claims in his action, and seeking to organize the demand process so as to prevent plaintiffs who, in counsel's opinion, failed to comply with the demand requirements of New Jersey law from controlling the outcome of the portion of the litigation involving a demand.

Attorney: Gary S. Graifman: 13.5 hours.

(b) Demand Futility Plaintiffs' Motion to Appoint Lead Counsel and Consolidate (Dkt No.'s 23, 28, etc.): With respect to this motion, counsel engaged in analysis of the motion papers

as to whether the Court's determination on the issues of the Demand Futility Action would affect the demand made claims of the Demand Refused Plaintiffs and legal research related thereto.

Attorney: Gary S. Graifman: 4.6 hours.

(c) Defendants' Motion to Dismiss Demand Futility Plaintiffs' Complaint: With respect to this motion, counsel engaged in analysis of the motion papers and briefing on the Motion to Dismiss and Exhibits thereto as well as the responses of the Demand Futility Plaintiffs and legal research related thereto.

Attorney: Gary S. Graifman: 4.1 hours.

(d) Re-Filed Notice of Motion for Intervention and Appointment of AFT and KGG as, Respectively, Lead Counsel and Liaison Counsel (Dkt. No. 120): Counsel worked on the Motion, which was re-filed pursuant to the Court's Letter Order, dated February 8, 2011, which administratively terminated the then-pending motions to intervene requesting that they be re-filed after the filing of the Complaint in Intervention. Counsel compiled and filed the motion papers, including the prior briefs and exhibits. Counsel also reviewed, researched and responded to JNJ's Response to the Re-Filed Notice of Motion for Intervention (Dkt. No. 127); and the Brief of the Demand Futile Plaintiffs in Opposition to the Motion in Intervention (Dkt. No. 130). Counsel researched, drafted portions of, and filed the Supplemental Reply Brief (Dkt. No. 135) submitted in response to the prior Memoranda (Dkt. No.'s 127 & 130). Counsel's engagement also included the conference with the Court setting the deadlines for the motions and for oral argument; preparation of Demand Refused Plaintiffs' Response to the Supplemental Response to the Re-Filed Notice of Motion for Intervention and Appointment of Lead Counsel submitted by JNJ (Dkt No. 153); included preparation of counsel's letter to the Court, at the Court's request, listing each of the motion papers filed on the Motion in Intervention (Dkt. No. 165, Ltr from

Gary S. Graifman to Hon. Freda L. Wolfson). It included counsel's review of the Court's Order denying, without prejudice, the Motion in Intervention instructing Intervenor Plaintiffs to file a new complaint and, thereafter, motion to appoint lead counsel and liaison counsel in the Demand Refused cases (Dkt. No. 168).

Attorney: Gary S. Graifman: 17.9 Hours

(e) Supplemental Submission re Special Committee Reports, filed July 22, 2011 (Dkt. No. 151): Counsel engaged in review and analysis of the Special Committee ("SC") Report and analysis of the SC Report and the derivative claims in the Complaint as well as the issues not addressed by the SC. Counsel drafted and redrafted portions of the submission to the Court.

Attorney: Gary S. Graifman: 18.6 Hours

(f) Notice of Motion to Consolidate Related Actions and Appoint AFT and KGG as, Respectively Lead Counsel and Liaison Counsel (Dkt. No. 5 in Demand Refused Action): Counsel engaged in preparation, legal research, review, revising and filing the Motion to Consolidate the related *Copeland v. Prince* action and the *Katz v. Weldon* actions (Civ. Action No. 11-cv-4993(FLW) and 11-cv-4994(FLW)) respectively (jointly, the "Demand Refused Action"). This included counsel's review and revision of the motion; legal research and drafting of Plaintiffs' Memorandum of Law in Support, Declaration of Gary S. Graifman in Support with Exhibits annexed thereto (see Dkt. No. 5 in the Demand Refused Action Docket); review of Memorandum in Opposition to the Motion to Consolidate and Appoint Counsel filed by Plaintiff Copeland's counsel; preparation, legal research, revision and submission of Katz' Reply Memorandum of Law in Support of the Motion to Consolidate and Appoint AFT and KGG as, Respectively, Lead Counsel and Liaison Counsel and the Reply Declaration of Gary S. Graifman in furtherance of said motion (Dkt. No. 16 of Demand Refused Docket); Preparation for oral

argument; attend and assist with oral argument, Nov. 21, 2011, wherein the Court granted Katz counsels' motion to appoint AFT and KGG and consolidated the Demand Refused cases. Attend post-motion conference with Demand Refused Lead and Liaison Counsel and Defendants' Counsel.

Attorney: Gary S. Graifman: 26.3 hours.

3. The Court's October 9th letter Order requested that, with regard to Category 6, the settlement negotiation process and documentation, counsel should specify the date of each settlement meeting, whether the meeting or discussion was in-person or telephonic and, if in-person, who attended such meeting. I have reviewed my firm's records and the following entries represent the discussions and meetings, both in-person and telephonically, that I engaged in with respect to the Category 6 settlement negotiation and settlement process in this matter with the defendants' counsel. In addition to those discussions and meetings, counsel had a number of additional calls with counsel in the case. Counsel also reviewed documents produced by JNJ in confirmatory discovery relating to specific issues which needed to be resolved prior to settlement and/or documents which were obtained from the files of the other pending litigation and trials with respect to JNJ, as well as preparation of substantive emails relating to settlement discussions, settlement positions and settlement issues. Those are not included in the entries below. The entries are as follows:

    A.    August 17, 2011: In-person settlement meeting at Sidley Austin's New York offices attended by all counsel (Jeffrey Abraham, Gary Graifman and Philip Taylor for demand refused plaintiffs).

    B.    November 22, 2011: In-person settlement meeting at Sidley Austin's New York offices attended by all counsel (Jeffrey Abraham, Gary Graifman and Philip Taylor for demand refused plaintiffs).

    C.    December 9, 2011: In-person settlement meeting at Sidley Austin's New York offices attended by all counsel (Jeffrey Abraham, Gary Graifman and Philip Taylor for demand refused plaintiffs).

D. January 18, 2012: In-person settlement meeting at Sidley Austin's New York offices attended by all counsel (Jeffrey Abraham, Gary Graifman and Philip Taylor for demand refused plaintiffs).

E. February 16, 2012: In-person settlement meeting at McElroy, Deutsch New Jersey attended by all counsel and JNJ CQO Kathy Wengel (Jeffrey Abraham, Gary Graifman, Dr. Robert Israel and Philip Taylor for demand refused plaintiffs).

F. March 29, 2012: Tel Conf with Kristen Seeger of Sidley Austin, LLP re emails and settlement proposals and issues.

G. April 4, 2012: Telephonic settlement meeting between JNJ (Walter Carlson and Kristen Seeger) and demand refused counsel (Jeffrey Abraham, Gary Graifman and Philip Taylor).

H. April 25, 2012: Telephonic settlement meeting between JNJ (Kristen Seeger) and demand refused counsel (Jeffrey Abraham, Gary S. Graifman and Philip Taylor).

I. May 12, 2012: Telephonic settlement conference Between JNJ (Kristen Seeger) and demand refused counsel (Gary S. Graifman).

J. May 15, 2012: Telephonic settlement conference with JNJ (Kristen Seeger) and Gary S. Graifman.

K. June 12, 2012: Telephonic settlement meeting between J&J (Kristen Seeger) and demand refused counsel (Jeffrey Abraham and Gary Graifman).

L. June 19, 2012: telephonic settlement conference with JNJ (Kristen Seeger), Gary S. Graifman for demand refused plaintiffs and Mag. Arpert to report global settlement of matter.

4. The foregoing settlement meetings represent the most significant meetings which were scheduled for the specific purposes of engaging in settlement discussions. There were, however, numerous additional phone calls, e-mail and letters among counsel dealing with settlement related issues. In addition, Category 6 includes time spent drafting as well as reviewing and commenting on settlement proposals.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Declared this 12th day of October, 2012, at Montvale, New Jersey.

_____
GARY S. GRAIFMAN