UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | : : : : : : : : : | Civil Action No. 10-2033 (FLW) Civil Action No. 11-4993 (FLW) Civil Action No. 11-2511 (FLW)  FINAL ORDER & JUDGMENT |

A final settlement hearing (the "Settlement Hearing") was held before this Court on October 18, 2012 pursuant to this Court's Order of July 16, 2012 (the "Preliminary Approval Order"), having been adjourned by this Court's Amended Order of September 25, 2012 ("the Supplemental Notice Order"), to determine: (1) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated July 11, 2012 (the "Stipulation"), which Stipulation is incorporated herein by reference; (2) whether to enter the Final Order and Judgment proposed by the Parties; and (3) whether and/or in what amount to grant Plaintiffs' Counsel's application for an award of fees and reimbursement of expenses.  After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed settlement of the Derivative Actions (the "Settlement") embodied in the Stipulation or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court

having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor, the Court HEREBY FINDS AND ORDERS as follows:

1. This Court has jurisdiction over the subject matter of the above-captioned actions (the "Derivative Actions") and the Settling Parties.

2. The Court hereby grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate, and in the best interests of Johnson & Johnson ("J&J") and J&J shareholders.

3. The Court finds for purposes of the Settlement that: (i) the Derivative Actions were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interest of similarly situated shareholders of J&J.

4. All capitalized terms used in this Final Order and Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

5. Pursuant to the Preliminary Approval Order, a form of the proposed Settlement Notice (the "Notice") and a form of Summary Notice were approved by the Court. Counsel for J&J has filed with the Court proof of compliance with the approved Settlement Notice procedures. Based on that submission, the Court finds that (1) the Notice substantially in the form approved by the Court was mailed to

all persons or entities reasonably identifiable, who were shareholders of record of J&J on July 11, 2012; (2) the Summary Notice substantially in the form approved by the Court was published in the national edition of The Wall Street Journal and USA Today and over PR Newswire; (3) a Form 8-K was filed regarding the proposed Settlement, including as attachments a copy of the Notice, the Stipulation, and Exhibits A and B to the Stipulation; and (4) copies of the Stipulation, Exhibits A and B and the Notice were posted on J&J's corporate website. In addition, by way of the Supplemental Notice Order dated September 25, 2012, the Court adjourned the initial hearing date of September 28, 2012, and rescheduled the hearing for October 18, 2012 in order to afford any shareholders who received notice after September 1, 2012 the opportunity to object.  The Court directed J&J to notify four shareholders, who complained of late notice, of the rescheduled hearing date and further directed the parties to publish notice of the new date in the Wall Street Journal and U.S.A. Today newspapers, as well as on the J&J corporate website. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constituted due and sufficient notice to J&J shareholders of the Settlement and matters to be considered at the Settlement Hearing.

      6.    The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Derivative Actions and all claims therein, are hereby dismissed with prejudice in their entirety, and without costs, except as otherwise provided for in paragraph 18 below.

8. For purposes of paragraphs 9 and 10 below (together constituting the "Released Claims"), the following shall constitute Released Parties: (1) the Released Plaintiff Parties, as defined in the Stipulation; and (2) the Released Defendant Parties, as defined in the Stipulation.

9. Upon the Effective Date (as defined in the Stipulation and below), Plaintiffs, and each and every other J&J shareholder, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have and by operation of the Final Order and Judgment shall have each fully, finally, and forever released, waived, discharged, and dismissed each of the Released Defendant Parties from, and shall forever be barred and enjoined from prosecution of, any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, agreements, costs, expenses, debts, interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, disclosed or un-disclosed, apparent or un-apparent, including claims and Unknown

Claims (as defined below), which were or could have been alleged or asserted in the Derivative Actions against any Released Defendant Party by Plaintiffs or any other J&J shareholder derivatively on behalf of J&J, directly or indirectly relating to or arising out of any of the allegations, facts, events, transactions, acts, occurrences, conduct, practices, or any other matters, or any series thereof, alleged or asserted in the Derivative Actions, or which were investigated by the Special Committee. Released Plaintiff Claims do not include any claims relating to the enforcement of this Settlement. Released Plaintiff Claims also do not include the specific claims made by the plaintiff in The George Leon Family Trust v. Coleman, et al., Case No. 3:11-cv-05084-JAP-DEA.

10. Upon the Effective Date (as defined in the Stipulation and below), Defendants and each of the other Released Defendant Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Order and Judgment shall have, each fully, finally and forever released and discharged each of the Released Plaintiff Parties from, and shall forever be barred and enjoined from prosecution of, any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, agreements, costs, expenses, debts, interest, penalties, sanctions, fees, attorneys' fees, judgments, decrees, matters, issues, and controversies of any kind, nature or description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, disclosed or un-disclosed, apparent or un-apparent, including claims and Unknown Claims (as defined below), which were or could have been alleged or asserted by any of the Released Defendant Parties against any of the Released Plaintiff Parties, directly or indirectly relating to or arising out of the institution, prosecution, or settlement of the Derivative Actions. Released Defendant Claims do not include any claims relating to the enforcement of this Settlement.

   11. For purposes of this Final Order and Judgment, "Unknown Claims" means any Released Plaintiff Claims that J&J, Plaintiffs, or any other J&J shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any Released Defendant Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it, might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs, the Company, and each of the Individual Defendants shall expressly waive, and each other J&J shareholder and each other Released Defendants Party expressly be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the

> creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor; and shall have expressly waived any and all similar provisions, rights, and benefits conferred by any similar statute.

Plaintiffs, J&J, and each of the Individual Defendants acknowledge, and each other J&J shareholder and each other Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a key element of the Settlement.

12. The "Effective Date" means the first date by which all of the conditions and events specified in paragraph 6.1 of this Stipulation have been met and have occurred.

13. Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation.

14. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Actions. No Settling Party may assert in any forum that the Derivative Actions were brought, commenced, or prosecuted by Plaintiffs or their counsel, or defended by the Settling Defendants or their counsel, in bad faith or that the Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the

prosecution, defense, or settlement of the Derivative Actions may be brought by any Settling Party.

15.     Pending the occurrence of the Effective Date, no person may institute, commence or prosecute any action which asserts Released Claims against any of the Released Parties.

16.     Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession or an admission by any Party in the Derivative Actions, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Derivative Actions, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Defendant or other Released Defendant Party or by any Released Plaintiff Party in order to prevent or terminate institution, commencement or prosecution of any action which asserts Released Claims against

any of the Released Parties.

17. In the event that a termination and cancellation of the Settlement occurs pursuant to Sections 6.1-6.3 of the Stipulation, (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

18. Carved out from this Final Judgment and Order is the Court's determination of the attorney's fees and costs to be awarded and paid by J&J in accordance with the terms of the Stipulation. As explained in the Court's Order dated October 22, 2012, the Court has appointed a Special Master in connection with the attorney's fees request. The Court will issue a subsequent Opinion and Order on the fees and costs.


Dated: October 26, 2012

                                                /s/ Freda L. Wolfson
                                           Hon. Freda L. Wolfson, U.S.D.J.