# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |

## MORRIS AND MORRIS LLC COUNSELORS AT LAW'S RESPONSE TO REPORT AND RECOMMENDATION OF SPECIAL MASTER

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  THE COMMON BENEFIT DOCTRINE GOVERNS ASSESSMENT OF
     THE FEE AWARD IN THIS DERIVATIVE ACTION ................................................1

III. CONCLUSION ....................................................................................................................3

**TABLE OF AUTHORITIES**

*City of Burlington v. Dague*, 500 U.S. 557 (1992) ........................................................................3

*In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524 (3d Cir.2009) ...................................................2

*In re Schering-Plough/Merck Merger Litig.*, Civ. No. 09-CV-1009 (DMC),
    2010 WL 1257722 (D.N.J. Mar. 26, 2010) ..........................................................................3

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) .....................................................................2

*Perdue v. Kenny A.*, 130 S.Ct. 1662 (2010) ....................................................................................3

*Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139 (3d Cir. 1998) .............................................2

I.      INTRODUCTION

Demand Futile Plaintiffs' co-lead counsel Morris and Morris LLC Counselors At Law (the "Morris Firm") respectfully makes this brief submission to address one issue in the Report and Recommendation of Special Master, dated June 13, 2013 (ECF No. 234, the "Report"). The Morris Firm does not object to the Report's recommended lodestar. *Id.* at 138. To ensure there is no potential issue of waiver in the application of fee shifting authority to consideration of a multiplier, the Morris Firm does object to the Report's apparent application of fee-shifting analysis to its discussion of contingency assessment.

II.     THE COMMON BENEFIT DOCTRINE GOVERNS ASSESSMENT OF
        THE FEE AWARD IN THIS DERIVATIVE ACTION

At page 117, the Report states:

> I have also never understood why the element of contingency should generate a higher rate for taking the risk; it would seem to me that practitioners who have undertaken an uphill legal battle would be happy to settle for some compensation - unless it was not uphill at all and was in actuality almost a certainty. In this contingent matter, with J&J as a defendant, a dozen firms were "falling all over themselves" to participate. In any event, the possibility of losing one contingent case and therefore compensating with higher rates in another matter is not the problem of the defendant in the second matter.

The Report suggests that the risks of plaintiffs' counsel's contingency fee business model should not be shifted to the *defendant*. The Morris Firm respectfully submits that this misunderstands the nature of shareholder derivative actions, and is inconsistent with the common benefit doctrine, which applies in this derivative action both as to assessment of the settlement (*see, e.g.*, Court's Opinion on Settlement, dated October 26, 2012 (ECF No. 226) ("I conclude that the factors favoring settlement also demonstrate that this proposed settlement confers a substantial benefit on the corporation." *Id.* at 32)), and as to an assessment of a multiplier in

1

connection with the award of fees.  As the Third Circuit has held in a common fund context,[1] "[t]he multiplier is a device that attempts to account for the contingent nature or risk involved in a particular case and the quality of the attorneys' work." *In re Diet Drugs*, 582 F.3d at 540 n.33.

The Supreme Court explained in *Mills* that a common benefit fee award "is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefited from them."  *Mills*, 396 U.S. at 396-397.  *See also Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 145 (3d Cir. 1998) ("At the heart of this [analysis] is a concern for fairness and unjust enrichment; the law will not reward those who reap substantial benefits of litigation without participating in its costs").  Thus, J&J is funding the award of attorneys' fees as the beneficiary of the substantial benefits achieved by Plaintiff's Counsel, *not* as an unsuccessful defendant, as the Report implies (*see, e.g.*, *id.*, at 117).

Here, the Court will award a fee because Plaintiffs' Counsel achieved substantial benefits for J&J and its shareholders, not because of fee-shifting.  As the Court noted in approving the Settlement, an award of attorneys' fees is appropriate here because counsel are "highly skilled in prosecuting shareholder derivative actions," submitted "briefing reflect[ing] their substantial knowledge of this area of the law," and "spent a sufficient number of hours to satisfy [the Court] that they worked diligently toward obtaining a substantial benefit for J&J."  ECF No. 226 at 46-47.  *See also id.* at 28 ("Plaintiff's counsel was able to achieve significant injunctive relief that is tailored to remedy the corporate governance failings inherent in J&J's decentralized management

---

[1] The Supreme Court compared the payment of attorneys' fees in a common benefit case to payment in a common fund case "in the sense that the court's jurisdiction over the corporation as nominal defendant made it possible to assess fees against all of the shareholders through an award against the corporation." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 394-95 (1970); *see also In re Diet Drugs Prod. Liab. Litig.*, 582. F.3d 524, 546 n.44 (3d Cir. 2009) (explaining that "[w]hile the common benefit doctrine is distinct from the common fund doctrine, the former derives from the latter").

structure"); *id.* at 36-37 (reform is "tailored to remedy the Plaintiffs' overarching allegation that the Board insulated itself from reporting on quality control issues").

Fee-shifting jurisprudence is not applicable to determining an award of a multiplier in a common benefit case. Unlike statutory fee shifting cases where there is generally no multiplier, *see City of Burlington v. Dague*, 500 U.S. 557 (1992), courts in this District and elsewhere routinely award multipliers in common benefit cases. *See In re Schering-Plough/Merck Merger Litig.*, Civ. No. 09-CV-1009 (DMC), 2010 WL 1257722 at *18 (D.N.J. Mar. 26, 2010) (a common benefit case with therapeutic relief, noting that "application of multiplier of 2.18 is not uncommon where the lodestar method is applied." (Citing *In re Diet Drugs*, 582 F.3d 524, 545 n.42)). For this reason, the citation to *Perdue v. Kenny A.* in the Objection of Mark G. Petri to Special Master Report (ECF No. 242) as support for his contention that no lodestar multiplier is appropriate in this case is inapposite. *Perdue v. Kenny A.* is a statutory fee-shifting action, and therefore is not relevant to the determination of a reasonable fee award here because the ruling in that decision is limited to fees awarded pursuant to fee shifting statutes. *See, e.g.*, *Perdue,* 130 S.Ct. 1662, 1669 (2010).

### III. CONCLUSION

For the foregoing reasons, the Morris Firm respectfully requests that the Court accept the Report's recommended lodestar. The Morris Firm further respectfully requests the Court apply the common benefit doctrine in determining the fee award in this case, including the application of a multiplier reflecting, *inter alia*, the contingent nature of the representation.

Dated: July 8, 2013                  Respectfully submitted,

/s/ Lisa J. Rodriguez
TRUJILLO RODRIGUEZ & RICHARDS, LLC

258 Kings Highway East
Haddonfield, NJ  08033
856-795-9002
856-795-9887 fax
lisa@trrlaw.com

Karen L. Morris
Patrick F. Morris
Richard M. Lindsey
MORRIS AND MORRIS LLC
  COUNSELORS AT LAW
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
302-426-0400