# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOHNSON & JOHNSON DERIVATIVE LITIGATION | Civil Action No. 10-2033 (FLW) |
| IN RE JOHNSON & JOHNSON FCPA SHAREHOLDER DERIVATIVE LITIGATION | Civil Action No. 11-2511 (FLW) |
| COPELAND v. PRINCE, ET AL. | Civil Action No. 11-4993 (FLW) |
| | Judge Freda L. Wolfson |
| | Notice of Decision |

## Notice of Decision by Mark G. Petri

Objector Mark G. Petri brings to this Court's attention notice of relevant precedent issued since his objections to the Special Master's Report were filed July 3, 2013.

On August 1, 2013, the Southern District of New York issued its decision in *In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (attached as Exhibit 1). In that decision, the district court agreed with objector Theodore H. Frank and reduced the lodestar of class counsel by "$4 million in time that one plaintiffs' firm expended in an unsuccessful attempt to become Lead Counsel and now wants the class to pay for that unsuccessful effort." *Id.* at 4. As the district court said in its explanation of the elimination of that time:

1

> Not every hour worked by every attorney who seeks to represent a class is due compensation from the class. Lead Counsel has included in the lodestar the hours incurred by attorneys at other firms that were assisting Kirby in prosecuting this action, including the hours of Entwistle & Cappucci. But Entwistle & Cappucci's hours are not limited to its work *assisting* Lead Counsel; those hours include $4 million Entwistle & Cappucci spent attempting to secure appointment as lead counsel for itself—including its motion to reconsider the Court's appointment of Kirby as lead counsel. The hours Entwistle & Cappucci spent unsuccessfully seeking appointment should not yield compensation from a class they were not appointed to represent. Lead Counsel cannot, by later choosing Entwistle & Cappucci to assist its efforts, convert the hours Entwistle spent unsuccessfully attempting to become lead counsel into compensable time.

*Id.* at 28-29 (citing *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 86 (2d Cir. 2010)). Because "Lead Counsel have failed to carry their burden of demonstrating that Entwistle & Cappucci's work prior to those firms' union as co-counsel conferred a substantial benefit on the class," the $4 million was not compensable. *Id.* at 31.

The same is true here, and supports Petri's argument that "[w]hether the internal warfare should be excluded [from lodestar] is not a question of the level of hostility between the parties, but whether the time expended 'confer[s] a benefit on the Class' or was unnecessarily excessive." As Petri noted in his July 3 objections, the Special Master explicitly found that "the competition to be lead counsel among the Demand-Futility lawyers… added no value for the shareholders of Johnson & Johnson" and that "there was no perceived benefit to the shareholders" for Demand-

Refused Counsel's motions to intervene and consolidate. Special Master Report at 33; *see also id.* at 88-92 (noting these hundreds of hours were an "area of enormous lack of value to the success of the litigation," and detailing the wasteful internal warfare). Yet the Special Master "did not deduct any time for this audition to join the 'team,' unless it was otherwise objectionable," and, as *Citigroup* shows, this was legal error.

Dated: August 6, 2013                    Respectfully submitted,

*David M. Nieporent*
David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dnieporent@samuelandstein.com

Theodore H. Frank (*pro hac vice*)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 23-6
Washington, DC 20036
Telephone: (703) 203-3848
Email: tedfrank@gmail.com

*Attorneys for Intervenor and Objector Mark G. Petri*

## CERTIFICATE OF SERVICE

The undersigned certifies he electronically filed the foregoing Objection via the ECF system for the District of New Jersey, thus effecting service on all attorneys registered for electronic filing. Additionally he placed a copy of the foregoing in the U.S. Mail addressed to:

Clerk of Court
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

BRENT CLIFTON
C/O GARY W. SIBLEY
2602 MCKINNEY AVENUE
SUITE 210
DALLAS, TX 75204

JOHN HENN
FOLEY HOAG LLP
SEAPORT WEST
155 SEAPORT BOULEVARD
BOSTON, MA 02210

JOHN E. NOTESTEIN
15214 E. SUNDOWN DRIVE
FOUNTAIN HILLS, AZ 85268

MERTON S. ROTHMAN
42 ASPEN DRIVE WEST
WOODBURY, NY 11797

ROBERT D. STUART
1210 N. TAFT STREET
APT. 606
ARLINGTON, VA 22201

THOMAS C. KEEGAN
1340 TAYLOR RIDGE COURT
ERIE, PA 16505

KIMBERLY J. CLIFTON
C/O GARY W. SIBLEY
2602 MCKINNEY AVENUE
SUITE 210
DALLAS, TX 75204

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2013

*David M. Nieporent*
David M. Nieporent