

**DiFrancesco Bateman**
Coley, Yospin, Kunzman, Davis, Lehrer & Flaum, P.C.

15 Mountain Boulevard
Warren, New Jersey 07059

Telephone: (908) 757-7800
Fax: (908) 757-8039
www.newjerseylaw.net

Harriet Derman, J.S.C. (Ret.)
Of Counsel
Ext. # 134
hderman@newjerseylaw.net

October 29, 2013

The Honorable Freda L. Wolfson, U. S. D. J.
U. S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
Room 5050
402 E. State Street
Trenton, New Jersey   08608

*In Re:   Johnson & Johnson Derivative Litigation*
*Civil Action No. 10-2033 (FLW)*
*Civil Action No. 11-4993 (FLW) and*
*Civil Action No. 11-2511 (FLW)*
*Our File No. SMS09*

Dear Judge Wolfson:

By letter dated October 9, 2013, you remanded for my consideration as Special Master the issue raised by Objector Petri in the Objection of Mark G. Petri to Special Master Report, dated July 3, 2013. Mr. Petri believed that I should have disallowed all the time identified by the Plaintiffs' lawyers in three areas with respect to competition to serve as lead counsel by and among Demand Futile Counsel and the attempt to prevent the intervention of Demand Refused Counsel and the attempt to intervene by Demand Refused Counsel. I had declined to do so although I did take reductions for various billing defects, including, but not limited to excessive time, vagueness, and inconsistency. You directed me to prepare a spreadsheet which enumerates the hours I did subtract for time spent on these specific defects so that there would be no double counting in the event you chose to take further reductions for the failure to confer a benefit on Johnson & Johnson shareholders: The categories include:

1. 592.5 hours billed by the four law firms representing Demand Futility Plaintiffs relating to motions for appointment of lead counsel and any oppositions thereto.

2. Demand Refused counsel's 756.75 hours for its intervention briefing and motion to appoint lead and liaison counsel in the demand refused actions, as well as 334.9 hours spent on a complaint in intervention.[1]

3. Demand Futility counsel's inclusion of 153.5 hours for time spent in opposing Demand Refused counsel's motion to intervene.

---

[1] I denominated the motion aspect of this category as subpart A and the complaint aspect of this category as subpart B in my spreadsheet.

I reviewed the bills with my associate, Allison Segal, and attempted to fulfill the mission to the best of my ability. The spreadsheet is attached hereto as Exhibit A.

I do wish to point out some relevant issues. Plaintiffs' Counsel all provided me with their billing records. In the early stages of my appointment, I requested that Plaintiffs' Counsel elaborate on the work they performed and the hours they spent as reflected in their bills. They did so in two Narratives, the Demand Futile Narrative and the Demand Refused Narrative. The Objector received copies of these Narratives with some redactions. In their Narrative, Demand Futile Counsel, whose hours are relevant for purposes of issues 1 and 3 above, broke down their expenditures of time by law firm and then provided a separate total lodestar amount for category 1 and for category 3. Demand Futile Narrative at 10 and 11. The four law firms then each provided a separate Exhibit to the Demand Futile Narrative which provided the number of hours spent by each attorney in their firm on category 1 and category 3, but did not differentiate between the categories, instead merging them and labeling the explication, "Work on Leadership Process and the Opposition to Demand Made Counsel's Motion to Intervene," Demand Futile Narrative, Exhibit 4 at 2, Exhibit 5 at 3, and Exhibit 7 at 3, or "Work in Connection with Consolidation, Leadership and Intervention Motions." Demand Futile Narrative, Exhibit 6 at 3. Two of the law firms, Carella Byrne Cecchi Olstein Brody & Agnello, PC and Morris and Morris, Counsellors at Law, provided the lodestar amount for each attorney while Robbins Geller Rudman & Dowd, LLP and Bernstein Litowitz Berger and Grossman, LLP only provided the total number of hours per attorney on the subject matter.

Demand Refused Counsel whose hours are relevant for issue 2 above elaborated on their efforts by indicating the number of hours and lodestar accrued by each attorney in the two firms of Kantrowitz, Goldhamer & Graifman, PC and Abraham, Fruchter & Twersky, LLP, who worked on what they described as "Motion Practice" and "Complaint in Intervention." Demand Refused Narrative at 5-10 and Exhibit A at 3-7.

In undertaking this recent task, the problem of lack of clarity generated by the block billing format (used by five of the firms) and the problem of vagueness or lack of specificity affecting some of the submissions, which I had identified in my Original Report and Recommendation, resurfaced and sometimes made the instant analysis difficult. For instance, it is not easy to differentiate between category 1 and category 3 because, during the relevant time period of, for instance, August 2010, the block bills reflect that Demand Futile Counsel were both still drafting reply documents for the theatre of battle of lead counsel while beginning to address the motion to intervene for the theatre of battle on intervention and did not specify the time spent on each task. The 8.25 hour billing entry of Frank Morris for Morris and Morris for August 2, 2010 is a good example of the hybrid bill, undifferentiated by task: "Work on review and revisions to current draft of the Reply Brief to Carpenters and Hawaii Laborers; discussed issues re:same with Karen L. Morris; completed review and began revisions to draft Opposition Brief to motion to Intervene...." Robbins Geller has a succinct entry for August 18, 2010 for Travis E. Downs, III of 1.25 hours which also highlights the problem. The entry reads: "Attention to leadership and intervention issues."

Similarly, with respect to the subcategories of 2, the block billing entries of Abraham Fruchter prevent easy differentiation. The 8.75 billing entry of Philip Taylor for August 31, 2010 reads: "Review/analyze comparing complaint, drafting lead motion."

Because the law firms did not provide to me their bills organized into these categories[2] and because of the lack of transparency inherent in block billing, it was sometimes difficult to assess whether an entry belonged in category 1 or category 3 for the Demand Futile Counsel or category 2A or category 2B for Demand Refused Counsel. During this time period, there were approximately ten entries with blended activities on days from which I had subtracted hours for various problems. I therefore arbitrarily assigned fifty (50) percent of each billing entry embedded with two categories to each relevant category.

My spreadsheet therefore quantifies the hours of reduction I took for the three categories to the best of my ability and monetizes those diminutions, leaving the difference available for further reduction. I also indicate the percentage reduction originally taken.

I hope that I have provided the necessary information. Please do not hesitate to ask me for additional information.

Respectfully submitted,

DiFRANCESCO, BATEMAN, COLEY, YOSPIN
KUNZMAN, DAVIS, LEHRER & FLAUM, P.C.

By: _____
Harriet Derman, J. S. C. (Ret.)

HD:bc
cc: David M. Nieporent, Esq. c/o Samuel & Stein
    Theodore H. Frank, Esq.
    Karen Morris, Esq. c/o Morris and Morris, LLC
    Travis E. Downs, III, Esq. c/o Robbins Geller Rudman & Dowd, LLP
    Jeroen Van Kwawegen, Esq. c/o Bernstein Litowitz Berger & Grossmann, LLP
    Gary S. Graifman, Esq. c/o Kantrowitz Goldhamer & Graifman, P.C.
    Jeffrey S. Abraham, Esq. c/o Abraham Fruchter & Twersky, LLP
    James E. Cecchi, Esq. c/o Carella Byrne Cecchi Olstein Brody & Agnello, P.C.

*Doc. #A0771308.docx/HD/bc*

---

[2] I never requested such differentiated bills, but did penalize the firms for opaque block bills.

In re Johnson & Johnson Derivative Lawsuit

CATEGORY 1 - DEMAND FUTILITY COUNSEL'S MOTIONS FOR
APPOINTMENT OF LEAD COUNSEL AND ANY OPPOSITIONS THERETO

| FIRM | STAFF | ORIGINAL RATE | TOTAL HOURS BILLED | TOTAL AMOUNT BILLED[1] | REDUCTION TAKEN BY SPECIAL MASTER (IN HOURS) | DOLLAR AMOUNT OF REDUCTION | % OF REDUCTION TAKEN | AMOUNT AVAILABLE FOR FURTHER REDUCTION |
|---|---|---|---|---|---|---|---|---|
| CB | JEC | $750 | | | 5.2 | $3,900 | | |
| CB | DGG | $525 | | | 3.2 | $1,680 | | |
| TOTAL | | | 30.5 | $21,225 | 8.4 | $5,580 | 26.29% | $15,645 |
| BLBG | GS | $800 | | | 14 | $11,200 | | |
| BLBG | AM | $575 | | | 19 | $10,925 | | |
| BLBG | ML | $700 | | | 0.5 | $350 | | |
| TOTAL | | | 93.75 | $61,518.75 | 33.5 | $22,475 | 36.53% | $39,043.75 |
| MM | RML | $625 | | | 46.625 | $29,140.63 | | |
| MM | PFM | $685 | | | 34.5 | $23,632.50 | | |
| MM | KLM | $765 | | | 3 | $2,295 | | |
| TOTAL | | | 236.75 | $162,418.75 | 84.125 | $55,068.13 | 33.91% | $107,350.62 |
| RG | DM | $630 | | | 8.5 | $5,355 | | |
| RG | TD | $725 | | | 4.25 | $3,081.25 | | |
| RG | DA | $380 | | | 21 | $7,980 | | |
| RG | HM | $295 | | | 12 | $3,540 | | |
| TOTAL | | | 231.5 | $116,637.50 | 45.75 | $19,956.25 | 17.11% | $96,681.25 |
| OVERALL TOTAL/AVERAGE | | | 592.5 | $361,800 | 171.775 | $103,079.38 | 28.46% | $258,720.62 |

[1] These numbers were taken from the Demand Futile Narrative.

# In re Johnson & Johnson Derivative Lawsuit

## CATEGORY 2(A) - DEMAND REFUSED'S INTERVENTION BRIEFING AND MOTION TO APPOINT LEAD AND LIAISON COUNSEL

| FIRM | STAFF | ORIGINAL RATE | TOTAL HOURS BILLED[2] | TOTAL AMOUNT BILLED[1] | REDUCTION TAKEN BY SPECIAL MASTER (IN HOURS) | DOLLAR AMOUNT OF REDUCTION | % OF REDUCTION TAKEN | AMOUNT AVAILABLE FOR FURTHER REDUCTION |
|---|---|---|---|---|---|---|---|---|
| AFT | PT | $425 | | | 76.9 | $32,682.50 | | |
| AFT | JA | $795 | | | 112.75 | $89,636.25 | | |
| AFT | JF | $725 | | | 0.5 | $362.50 | | |
| TOTAL | | | 610.75 | $405,673.75 | 190.15 | $122,681.25 | 30.24% | $282,992.50 |
| KGG | GSG | $735 | | | 10.5 | $7,717.50 | | |
| TOTAL | | | 145 | $89,607 | 10.5 | $7,717.50 | 8.61% | $81,889.50 |
| OVERALL TOTAL/AVERAGE | | | 755.75 | $495,280.75 | 200.65 | $130,398.75 | 19.43% | $364,882 |

## CATEGORY 2(B) - DEMAND REFUSED'S COMPLAINT IN INTERVENTION

| FIRM | STAFF | ORIGINAL RATE | TOTAL HOURS BILLED | TOTAL AMOUNT BILLED[1] | REDUCTION TAKEN BY SPECIAL MASTER (IN HOURS) | DOLLAR AMOUNT OF REDUCTION | % OF REDUCTION TAKEN | AMOUNT AVAILABLE FOR FURTHER REDUCTION |
|---|---|---|---|---|---|---|---|---|
| AFT | PT | $425 | | | 90.5 | $38,462.50 | | |
| AFT | JA | $795 | | | 58.75 | $46,706.25 | | |
| TOTAL | | | 297 | $168,035 | 149.25 | $85,168.75 | 50.69% | $82,886.25 |
| KGG | GSG | $735 | | | 2 | $1,470 | | |
| TOTAL | | | 37.9 | $26,519 | 2 | $1,470 | 5.54% | $25,049 |
| OVERALL TOTAL/AVERAGE | | | 334.9 | $194,554 | 151.25 | $86,638.75 | 28.12% | $107,935.25 |

[1] These numbers were taken from the Demand Refused Narrative.

[2] The actual breakdown of hours reflects a total of 755.75, instead of 756.75. See Demand Refused Narrative at Exhibit A, p. 3-5.

# In re Johnson & Johnson Derivative Lawsuit

## CATEGORY 3 - DEMAND FUTILITY COUNSEL'S OPPOSITION TO DEMAND REFUSED COUNSEL'S MOTION TO INTERVENE

| FIRM | STAFF | ORIGINAL RATE | TOTAL HOURS BILLED | TOTAL AMOUNT BILLED[1] | REDUCTION TAKEN BY SPECIAL MASTER (IN HOURS) | DOLLAR AMOUNT OF REDUCTION | % OF REDUCTION TAKEN | AMOUNT AVAILABLE FOR FURTHER REDUCTION |
|---|---|---|---|---|---|---|---|---|
| CB | JEC | $750 | | | 0.5 | $375 | | |
| CB | LHT | $600 | | | 0.2 | $120 | | |
| TOTAL | | | 29 | $20,325 | 0.7 | $495 | 2.44% | $19,830 |
| BLBG | | | | | 0 | $0 | | |
| TOTAL | | | 14.5 | $8,850 | 0 | $0 | 0% | $8,850 |
| MM | RML | $625 | | | 20.625 | $12,890.63 | | |
| MM | PFM | $685 | | | 13.5 | $9,247.50 | | |
| TOTAL | | | 84.25 | $55,491.25 | 34.125 | $22,138.13 | 39.89% | $33,353.12 |
| RG | DA | $380 | | | 1 | $380 | | |
| RG | TD | $725 | | | 0.25 | $181.25 | | |
| TOTAL | | | 25.75 | $13,697.50 | 1.25 | $561.25 | 4.10% | $13,136.25 |
| OVERALL TOTAL/AVERAGE | | | 153.5 | $98,363.75 | 36.075 | $23,194.38 | 11.61% | $75,169.37 |

[1] These numbers were taken from the Demand Futile Narrative.